Saco Man. Co. *v.* Whitney.

## *The* Saco Manufacturing Company *vs.* Whitney.

*W.* gave his promissory note to a manufacturing corporation, in consideration of the written engagement of *R.* who signed as agent of the corporation, but without authority, to procure the obligation of the treasurer for certificates of two shares of their capital stock. *R.* obtained the obligation of the treasurer to deliver certificates of two shares on payment of the note ; and requested *W.* to call at his house and receive them. Hereupon it was held, that *R.* was personally bound by his engagement ;—that this was a sufficient consideration for the note, the promises being mutual and independent ;—that no tender of the treasurer's obligation was necessary, the possession of *R.* being the possession of *W.* ;—and that the condition of payment of the note, therein inserted, was proper, and not inconsistent with *R's* engagement.

This was an action of *assumpsit* on a promissory note made by the defendant *July* 9, 1828, for 1500 dollars, payable to *Isaac C. Pray*, treasurer of the *Saco* Manufacturing Company, or his order, in eighteen months and grace ; and by him indorsed in blank, both in his private capacity, and again with the addition of his office.

The consideration of the note was a written promise in these words :—" *Saco, July* 9, 1828. Received of *Aaron Whitney*, his note of hand of this date at eighteen months and grace, for fifteen hundred dollars, payable to *Isaac C. Pray*, treasurer of *Saco* Manufacturing Company, for which I promise his obligation for certificates of two shares of stock in said company. *Robert Rogers*, agent *Saco* Manufacturing Company."

At the trial before *Parris* J. the plaintiffs offered in evidence a vote of the corporation passed *July* 9, 1828, authorizing the directors to increase the shares to a number not exceeding six hundred ; and to dispose of. the same as they might deem proper, at not less than seven hundred and fifty dollars for a share, on a credit equal to eighteen months without interest. They also proved by parol testimony that the directors did so increase the number of shares ; that *Rogers*, on the 13th day of *September*, procured the obligation of Mr. *Pray*, as treasurer, to convey to *Whitney* a certificate of two shares in the stock of the company, on payment of his note ; and that he called on the defendant and informed him that he had the

obligation, requesting him to call and receive it in exchange for his own above mentioned ; but made no formal tender of it.

They further offered in evidence a written communication of the defendant to them, dated *Jan.* 15, 1830, proposing a mode of payment for one of the shares, and the transfer of that share as security for the residue of the note ; together with the detention of a hundred dollars out of certain funds in their hands towards the same object. Also, an indenture dated *Dec.* 16, 1829, by which all the property of the corporation was assigned to trustees therein named.

The defendant objected to the admissibility of parol proof of the creation of the new stock by the directors ; contending that their records were the best evidence of the fact ; but the judge overruled the objection. The defendant then produced certain by-laws of the corporation ; from one of which it appeared that all contracts, bonds and notes, signed by the treasurer in pursuance of a vote of a majority of the directors, should be binding on the corporation ; and by another of which it was provided that the directors might employ such agents or superintendants as they might deem expedient, whose duty should be defined in writing.

Hereupon the defendant contended, and the judge, *pro forma*, ruled, that the action was not maintainable ; and a nonsuit was entered by consent, subject to the opinion of the Court.

*D. Goodenow*, for the defendant, contended that the note was without consideration to support it. The corporation was not bound by the undertaking of *Rogers*, because he was neither the treasurer, nor an agent constituted by written authority and instructions from the directors, agreeably to the by-laws ; which, by implication, exclude all other modes of binding the corporation. Neither did he bind himself. He derived no benefit from the transanction ; nor did he stipulate by deed. *Frontin v. Small, Ld. Raym.* 1418 ; *Sumner v. Williams,* 8 *Mass.* 187 ; *Rann v. Hughes,* 7 *D. & E.* 350 ; *Pearson v. Henry,* 5 *D. & E.* 6 ; *Tippets v. Walker,* 4 *Mass.* 595 ; *Thacher v. Dinsmore,* 5 *Mass.* 299 ; 8 *Mass.* 193.

The contract, moreover, has not been performed on the part of the plaintiffs ; for the paper signed by *Pray* is conditional, and is not such as was originally to have been procured ; and the plaintiffs

33

have never tendered such an obligation to the defendant. Until this is done, the contract remains open and unexecuted. And the plaintiffs have rendered themselves incapable either to perform the contract, or to maintain an action on the note, by the assignment of all their property to trustees.

*J. & E. Shepley,* for the plaintiffs, cited *Reed v. Cummings,* 2 *Greenl.* 82 ; *Gore v. Grafton,* 15 *Mass.* 73 ; *Northampton bank v. Pepoon,* 11 *Mass.* 291 ; *Dugan v. The United States* 3 *Wheat.* 172 ; *Thacher v. Dinsmore,* 5 *Mass.* 299 ; *Stinchfield v. Little,* 1 *Greenl.* 231 ; *Harper v. Little,* 2 *Greenl.* 14 ; *Fowler v. Shearer,* 7 *Mass.* 14 ; *Smith v. Sinclair,* 15 *Mass.* 171 ; *Little v. O'Brien,* 9 *Mass.* 423 ; *Bowman v. Welch,* 15 *Mass.* 534 ; *Raymond v. Johnson,* 11 *Johns.* 488 ; *Brigham v. Marean,* 7 *Pick.* 40 ; *Weston v. Codman,* 3 *Cranch* 207 ; *Vose v. Handy,* 2 *Greenl.* 322.

MELLEN C. J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec.*

The promissory note declared on was given by the defendant for the price of two shares of stock in the company, and was made payable to *Pray,* treasurer of the company ; and was indorsed in blank by *Pray* as treasurer, and also in his private capacity. The consideration for which the note was given, was the memorandum signed by *Rogers,* calling himself agent for the company, by which he promised to the defendant that *Pray,* the treasurer, should give his obligation for certificates of two shares of stock in the company. It does not appear that *Rogers* had any authority from the company to enter into any such stipulation in behalf of it. Numerous objections have been urged against the plaintiff's right to recover.

It is contended that the defendant's promise was not founded on any legal consideration. " It is a known rule of law that to make a contract or agreement obligatory, the consideration must be either a benefit to the person promising, or some trouble or prejudice to the party to whom the promise is made." 1 *Comyn on Contr.* 13 ; 1 *Comyn's Dig. tit. Action on the case upon Assumpsit B.* and numerous cases cited ; *Yelv.* 184, and *note* 1. We must consider the

defendant as desirous of becoming the owner of two shares in the stock of the company, and as giving the note in question in consideration of the agreement of the plaintiff to procure them for him. This agreement was a benefit to him. Here was promise for promise, which is a good consideration. 1 *Com. on Contr.* 14.

It is contended, however, that here was not one binding promise for another; because *Rogers* had no authority to bind the company; and that the promise did not bind him personally. It is true he subscribes the note with his name, adding the words " agent *Saco* Manufacturing Company ;" but as he was not agent for the purpose, the words following his name may be considered merely as descriptive, but he personally bound himself.

It is said that *Rogers* received no benefit from the contract made with the defendant, because *Whitney's* note was made payable to *Pray* as treasurer of the company ; but if it was not any advantage to *Rogers*, the performance of the promise would have been an advantage, and the breach of it an injury to *Whitney ;* and thus, according to the principle above cited from *Comyn*, the promise on each side was binding.

Again it is said that the promise of *Pray* to deliver to *Whitney* a duly executed certificate of the shares, was a conditional one, as to the time when it shall be delivered ; namely, on payment of the note and interest, and so does not agree with the contract or promise of *Rogers ;* but this objection is not maintained by facts. *Rogers* describes no particular form of the certificate in his agreement with *Whitney ;* besides, it appears to be in conformity to the vote of the directors, giving to the treasurer the power to sell shares and give certificates of them to purchasers.

Again ; it is contended, that this action cannot be maintained, because, though *Rogers* procured a certificate of the said shares to be duly issued by the treasurer, and informed the defendant of the fact and requested him to receive it in exchange for the accountable receipt which he then held, still he did not carry the same to the defendant and deliver or tender it to him. We think the answer to this objection by the plaintiff's counsel may be considered a sufficient one ; which is, that *Rogers*, in the above transaction, was act-

ing as the agent of the defendant, and that his possession must be deemed the possession of the defendant. But, as we have said before, the promises were mutual and independent; and therefore, if the note had been made payable to *Rogers*, he need not, in an action on it in his own name, have averred or proved a delivery of the certificate to the defendant; and for the same reason the present plaintiffs need not do it.

Again it has been urged that the note declared on has been assigned to trustees, and so the plaintiffs have no authority to maintain an action in it. It appears, however, that it was produced on trial by the plaintiffs, and we may and ought to presume that it has been lawfully reconveyed to them, with power to recover it, if due. 3 *Wheat.* 172, 183. Besides, the defendant seems to have no interest in this arrangement.

The last particular we shall notice is, the language of the defendant in his communication to the company, bearing date *January* 15, 1830; in which he proposes a negotiation, by which he might transfer one share to the company by way of security for the very note now in suit, and that the interest, and $100 in part of the principal, should be retained by the company for the purposes proposed by him; thus treating the note as valid, due and uncontested. In view of all the facts and objections which we have examined, we are all satisfied, that the ruling of the judge was correct, admitting parol proof of the creation of new shares under the vote of *July* 9, 1828; and that his ruling was incorrect, that the action was not maintainable. This last, however, was a ruling *pro forma*, as it appears. The result is that the defendant must be called.