JOSHUA SAWYER *v.* FREEBORN WHITE AND HANNAH WHITE, his wife.

A judgment against one of two signers of a joint and several promissory note extinguishes the note as against him, but does not affect the liability of the other signer.

And if the payee of such note indorse it in blank, and recover judgment, in the name of a third person, but for his own benefit, against one of the signers, and obtain part satisfaction, he may yet deliver the note to another third person, for the purpose of collecting the balance from the other signer, and such other person may, by virtue of the same indorsement in blank, sustain an action in his own name against such other signer. The indorsement may be regarded as the indorsement of two several notes; and the judgment against one signer, in the name of an indorsee for purposes of collection, only deprives the indorsement of effect as to that signer, but leaves it in force, as against the other.

ASSUMPSIT upon a promissory note, signed by the defendant Hannah White, while sole, and one Daniel Cressey, by which they jointly and severally promised to pay to one Weare Tappan, or order, $263,68, on demand with interest. The action was brought in the name of the plaintiff, as indorsee of Tappan. Plea, the general issue, with notice of special matter of defence, and trial by the court,—ROYCE, J., presiding.

On trial it appeared that, in 1834, Tappan, who was then and still is the owner of the note, indorsed the note in blank, and caused an action to be commenced upon it, in the name of one Atkins as plaintiff, against Cressey, and recovered judgment therein against Cressey, and obtained part satisfaction of the judgment from him. In 1837 Tappan transmitted the note to the plaintiff, with the same blank indorsement upon it, and directed a suit to be commenced against the present defendants, for the purpose of collecting the bal-

ance of the note, not collected from Cressey. The plaintiff filled up the indorsement to himself and commenced the suit in his own name.

The court rendered judgment for the plaintiff. Exceptions by defendants.

*Poland* for defendants.

We insist, that one and the same indorsement, by the payee, of a note signed by two persons, cannot be considered a legal transfer of the note to one indorsee as to one signer, and to another indorsee as to the other signer. Had Tappan, at the time he brought his suit and recovered his judgment on this note against Cressey, in the name of Atkins, changed his blank indorsement to a special one to Atkins, it will not be claimed, but that the legal interest in the note would have been thereby vested in Atkins; and any subsequent suit against Cressey, or the other signer of the note, must have been brought in the name of Atkins. The defendants contend, however, that what was done is fully equivalent to a filling up of the indorsement by Tappan to Atkins. That separate suits can be sustained against the signers of a joint and several note is well understood; but this cannot be done by several plaintiffs. A note may be several as to the signers; but it can never be so as to the payees, or indorsees; their rights are always entire, or joint.

*J. Sawyer* and *D. A. Smalley* for plaintiff.

1. The rule is settled, that a judgment against one of joint and several promissors is never a bar to an action on the promise against the others, unles the judgment is satisfied. *Porter* v. *Ingraham*, 10 Mass. 88. *Ward* v. *Johnson et al*, 13 Mass. 148. *Sheeley* v. *Mandeville et al.*, 6 Cranch 253. Chit. on Bills 570.

2. The case shows, that the note was indorsed to Atkins, and sued by him, for Tappan's benefit solely, and without consideration. Tappan, therefore, never parted with the title to the note, and could at any time take back the note and transfer it to another person, or erase the indorsement and sue the note in his own name. *Bank of Utica* v. *Smith*, 18 Johns. 230. *Bowdish* v. *Green*, 15 Johns. 247.

3. The plaintiff stands in the same position that Tappan would have occupied, if the suit had been brought in his name. *Lovel* v.

6

*Everton,* 11 Johns. 52. The note having been delivered to the plaintiff, indorsed in blank, the plaintiff had a perfect right to fill up the indorsement to himself, and to sue the note in his own name. *Dean* v. *Hewit,* 5 Wend. 257. *Tolman* v. *Gibson,* 1 Hill 308. Chit. on Bills 255.

The opinion of the court was delivered by

BENNETT, J. The only question raised in argument by the defendants' counsel is in regard to the right of the present plaintiff to maintain this action, in his own name, as the indorsee of Tappan. It appears, that the note in question was executed by the wife of White, while sole, with one Daniel Cressey, and made payable to Weare Tappan or order, and that it was indorsed in blank by him. No objection is raised, or can be, against the action, upon the ground that the plaintiff has no beneficial interest in the note, but simply that of a trustee. If he has the legal interest in the note, that is sufficient; and if he recover, it is for the use of Tappan.

It is said, however, that as Cressey, the other signer, had been prosecuted in the courts of New Hampshire by one Atkins, and a recovery had against him as one of the signers of the note, by means of the blank indorsement, no recovery can now be had against the present defendants, by this plaintiff, by force of that indorsement. Although it is not expressly stated, in the bill of exceptions, that the note in question was the *joint* and *several* note of Cressey and Mrs. White, yet it is so described in the plaintiff's declaration, which is a part of the case; it has been so treated in argument; and we are inclined so to treat it in considering the case.

The effect of the judgment against Cressey is only to extinguish the holder's claim on the note itself against him; and it does not affect the liability of the other signers. If a claim be satisfied as to any, it is satisfied as to all; but it may be extinguished as to some of the parties, and remain entire as to others. 1 Steph. N. P. 936. The result of this principle is, that the holder's remedy against Mrs. White and her husband is upon the note alone.

It appears from the case, that Atkins never had any interest in the note; but it was indorsed by Tappan in blank, and the recovery was had on the note against Cressey in Atkins' name for the benefit of Tappan. A note indorsed in blank is, in legal effect, payable to

bearer; and as this note was indorsed by Tappan for the mere purpose of collection, if it had come back into his hands without any judgment on it against Cressey, he might have stricken out the indorsement and have recovered on the note in a joint action against both. *Dugan et al.* v. *United States,* 3 Wheat. 182. *Bank of Utica* v. *Smith,* 18 Johns 230. In this case, the note being merged in the judgment against Cressey as to him, no joint action could be maintained on the note; but as the note is joint and several, the action might well be brought on the note against Mrs. White and her husband. If the holder chose not to erase the indorsement, it is still, in legal effect, a note payable to bearer as to Mrs. White; and if Tappan-transmitted the note to the plaintiff for collection, with the blank indorsement unerased, a power was thereby conferred upon him to institute a suit on it in his own name, though for the use of Tappan. The power of the blank indorsement was spent only as to Cressey, by means of the judgment in New Hampshire; and as the note is the several note of Mrs. White, as well as the joint note of both signers, the indorsement may well be regarded as the indorsement of two several notes; and the same incidents must attach to the indorsement, as would have resulted, in case there had been two several notes.

Judgment affirmed.