## Elijah D. Green *vs.* Jeremiah Jackson.

A bill of exchange drawn by a person residing in one State of the Union upon a person residing in another, and payable there, is a foreign bill.

In an action upon a foreign bill, the protest is competent evidence to prove presentment of the bill to the acceptor and non-payment.

If a person who indorses a bill to another, for value or collection, shall again come to the possession thereof, he shall be regarded, unless the contrary appear in evidence, as the *bona fide* holder of the bill, and entitled to recover, although there may be upon it his own or a subsequent indorsement, which he may strike from the bill or not at his pleasure.

It is within the discretionary power of one Judge at the trial to permit an amendment of the declaration by adding to the number of dollars in the description of the note.

Assumpsit against the defendant as acceptor of a bill of exchange of which the following is a copy. "$2010. *Calais*, 28 *November*, 1835. Four months after date pay to the order of *Elijah D. Green* two thousand and ten dollars, value received, which charge to account of, yours, &c. *Timothy Darling*. To Mr. *Jeremiah Jackson*, Merchant, No. 145, *Front Street, New-York City.*" The bill when read in evidence at the trial, had upon it the acceptance of *Jackson* and these indorsements, "Pay to *Gaylord & Hathaway* or order, *Elijah D. Green.*" "*Gaylord & Hathaway.*" To prove presentment of the bill to the acceptor and non-payment, the plaintiff offered a protest made in the city of *New-York*, by a Notary Public there, to the admission of which, the counsel of the defendant objected. Emery J., presiding at the trial, overruled the objection, and admitted the protest in evidence. The protest stated, that the presentment was made at the request of *Gaylord & Hathaway, March* 31, 1836. The action was commenced *April*

1, 1836. The defendant's counsel objected to the reading of the bill, without proof that the plaintiff was the holder of the bill at the time the action was commenced. This objection was overruled, and the bill read in evidence. It appeared, that the plaintiff's counsel had entered on the docket leave to amend generally, and did amend by adding after the words " two thousand," in the description of the bill, the words " and ten." The counsel for the defendant objected to this amendment, but the objection was overruled. The verdict for the plaintiff was to be set aside, if the ruling of the Judge was wrong.

*J. Granger*, for the defendant, made the following points.

1. The evidence does not support the declaration. The plaintiff declares as payee, and the bill produced is indorsed to a third person. *Thornton* v. *Moody*, 2 *Fairf.* 253.

2. The plaintiff was not the legal holder of the bill at the time the action was commenced, and therefore cannot maintain it. *Chitty on Bills*, 398 ; *Butler* v. *Wright*, 20 *Johns. R.* 370; *Waggoner* v. *Colvin*, 11 *Wend.* 27.

3. The amendment of the declaration was improperly allowed. It introduced a new cause of action, which cannot be done. *Rules of Court*, 15 ; *Bond* v. *Cutler*, 7 *Mass. R.* 205 ; *Ball* v. *Claflin*, 5 *Pick.* 303 ; *Willis* v. *Crooker*, 1 *Pick.* 204 ; *Hill* v. *Hunnewell, ib.* 192 ; 2 *Johns. Cas.* 219 ; 1 *ib.* 248.

4. The bill is an inland bill, and therefore the protest was not proper evidence of its presentment for payment. *Stat.* of 1831, c. 88 ; *Bayley on Bills*, 164 to 170 ; *Chitty on Bills*, 218 ; *Miller* v. *Hackley*, 5 *Johns. R.* 375.

*T. J. D. Fuller*, for the plaintiff, argued that the granting of leave to amend was a mere discretionary power in the Judge at the trial, and not subject to correction by the whole Court. *Wyman* v. *Dorr*, 3 *Greenl.* 183 ; *Clapp* v. *Balch, ib.* 216 ; *Danielson* v. *Andrews*, 1 *Pick.* 156.

Possession of the bill by the drawee is *prima facie* evidence of his right to the bill, and to bring a suit upon it. It is immaterial whether his own name and the name of the indorsers after him remain on the bill or are stricken out. He had a right to strike them out at any time. 3 *Kent's Com.* 79 ; *Mauran* v. *Lamb*, 7 *Cowen*,

Green v. Jackson.

174; *Dugan* v. *United States*, 3 *Wheat.* 172; *Dean* v. *Hewit*, 5 *Wend.* 257.

The place where the bill is made payable determines whether it is to be considered foreign or inland. When made payable out of the State in which it is drawn, as in this case, it is a foreign bill. The protest was therefore rightly admitted in evidence. 3 *Kent's Com.* 94, note *b*; *Buckner* v. *Finley*, 2 *Peters*, 586; *Phenix Bank* v. *Hussey*, 12 *Mass. R.* 483. The title to a statute is no part of it. 1 *Swift's Dig.* 12; 1 *Ld. Raym.* 77. The statute itself says nothing bearing on the subject.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The amendment objected to, although in a matter of substance, was within the discretion of the Judge to grant. It introduced no new count into the declaration. The count, when amended, there is no reason to doubt, was for the same cause of action, originally intended. The date of the bill, the parties, and the time of payment, remained the same.

It is very desirable, that the law in relation to bills of exchange should be uniform through the Union. In *Buckner* v. *Finley*, 2 *Peters*, 586, the Supreme Court of the *United States*, upon full consideration, decided, that a bill of exchange drawn by a person residing in one State of the Union, upon a person residing in another, is a foreign bill. The same doctrine was laid down in the *Phenix Bank* v. *Hussey*, 12 *Pick.* 483. There had previously been some diversity of opinion upon this point; and there is reason to believe, from the title to the act, that such bills may have been regarded as inland, by the committee who prepared the statute of 1821, *c.* 88, regulating damages on bills of exchange, drawn or indorsed in this state, but payable at any other place within the *United States.* A similar statute, with the same title, existed in *Massachusetts. Stat.* of 1819, *c.* 166. This was not considered there, as it cannot be here, as a legislative determination of the question. The term, inland, is not to be found in the enacting part of either statute. We adopt the opinion, that the bill in question is a foreign bill; and the protest therefore was properly admissible in evidence.

The bill had been indorsed in full to *Gaylord & Hathaway*, and

was protested at their request; but it might have been sent to them for collection, or in trust for the plaintiff. The return of the bill by them to the plaintiff, with the protest for non-payment, is presumptive evidence, that they acted as his agent. The same inference was drawn, from the same facts, in *Dugan* v. *United States*, 3 *Wheat.* 172. That was a bill which had been indorsed in full to the agents, who returned it, after causing it to be protested. Such being the presumption, the plaintiff was entitled to his action against the acceptor, immediately upon the protest, although the bill might not have been in his actual possession.

And in our judgment, he might well bring the action as payee, disregarding, or striking off, the indorsements. The case of *Dugan* v. *United States*, before cited, is an authority in point. *Livingston J.* who delivered the opinion of the Court in that case, says, " after examining the cases on this subject, which cannot all of them be reconciled, the Court is of opinion, that if any person, who indorses a bill of exchange to another, whether for value, or for the purposes of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appears in evidence, as the *bona fide* holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more indorsements in full, subsequent to the one to him, without producing any receipt or indorsement back from either of such indorsers, whose names he may strike from the bill, or not, as he may think proper."

*Judgment on the verdict.*