### EATON *versus* McKOWN.

A bill or note may be negotiated after it is paid, if no person would thereby be made liable upon it, who would otherwise be discharged.

If the owner of paper negotiated in blank, deposit it for collection, and the depositary transfer it as his own property; the owner, after paying its amount to the transferee, may maintain suit upon it against the parties previously liable, such payment not being a discharge as to them.

If paper, which a person has negotiated, come again to his possession, he may, in the absence of controlling proof, be regarded as the owner, and as such may recover upon it, with or without striking out any special indorsement.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.

ASSUMPSIT upon a bill of exchange drawn by the defendant payable to his order and by him accepted and indorsed to the Franklin Bank, upon a settlement of accounts. It had an indorsement as follows : — " Pay to the order of J. C. Brewer, Cashier. John Otis, President of Franklin Bank." Though objected to, the plaintiff, by leave of the Judge, struck out the last indorsement. There was also a certificate, made by the cashier of the Suffolk Bank upon the bill, that its contents had been paid by the plaintiff. The defendant insisted that that payment defeated the bill, or at least took away its negotiability, so that this suit is unmaintainable.

Otis, called by the plaintiff, was a stockholder in the Franklin Bank. He was objected to, but was admitted. He testified that, by an arrangement before the draft matured, the " plaintiff was to take it at his own risk, and pay it to the Suffolk Bank, if the defendant did not ; that it was sent to the Suffolk Bank for collection, that the plaintiff paid it, and the amount was placed to the credit of the Franklin Bank, in account with the Suffolk Bank.

The defendant, with a view of showing that there were mistakes in the settlement between himself and the Franklin Bank, introduced and examined witnesses upon several particulars in relation to which the mistakes were alleged to have been made, and contended that the connection of the plaintiff with the bank was such as that he must be considered as having the draft, subject to equities.

The case was submitted to the Court, with power to settle the facts upon the testimony.

*Paine*, for the plaintiff.

*Evans*, for the defendant.

1. The plaintiff is no party to the draft in suit — has no connexion with it, and can maintain no suit upon it.

He is the holder of it, only in virtue of having *paid it.*

He paid it *voluntarily*, — being under no obligation to do so. It was not paid for the honor of the drawer, accepter or indorser.

If he had been liable on the draft, and had taken it up, he could look to the prior parties. *Nevis & al.* v. *De Graw*, 15 Mass. 436.

But he was in neither of these positions, and as a stranger to the draft, paid it in his own wrong.

The draft having been paid, was *functus officio*. It was discharged.

If the plaintiff have any remedy, it is by action for money paid, &c., and it must then be shown that it was paid at defendant's request.

2. Plaintiff had full knowledge of the origin of the draft, and stands in no better condition than the bank would, if the action had been in its name. All the original defences are open.

3. Upon the facts proved, it is beyond question that the defendant was not indebted to the bank when the draft was given.

4. The draft was therefore without consideration, or it may be regarded as given upon mutual mistake — a supposed indebtedness when none existed.

The defendant relied upon the assurances of the plaintiff or the bank, their books, the means of corrections not being then at hand, they cannot now object to this defence. *Union Bank* v. *Bank of U. S.*, 3 Mass. 74; *Whitcomb* v. *Williams*, 4 Pick. 228; *Garland* v. *Salem Bank*, 9 Mass. 408; *Morton* v. *Marden*, 15 Maine, 46.

SHEPLEY, C. J. — The suit is upon a bill of exchange drawn by the defendant upon himself and payable to his own order. When offered in evidence it appeared to have been indorsed by him in blank and to have been indorsed by the president of the Franklin Bank to the cashier of the Suffolk Bank.

The plaintiff was permitted to erase the last indorsement.

In the case of *Dugan* v. *United States*, 3 Wheat. 172, it was decided, that a person, who indorses a bill to another and comes again to the possession of it, may be regarded as the owner, unless there be testimony to the contrary, and as such may recover with or without striking out any special indorsement. That rule has been received in this State. *Green* v. *Jackson*, 15 Maine, 136.

There was an indorsement on the back of the bill made by the cashier of the Suffolk Bank, that the bill had been paid to that bank by the plaintiff.

It is insisted, that such payment will prevent a recovery by the plaintiff.

The rule has been long established, that a bill or note may be negotiated after it has been paid, ·if no person would thereby be made liable upon it, who would otherwise be discharged. *Callow* v. *Lawrence*, 3 M. & S. 95; *Hubbard* v. *Jackson*, 4 Bing. 390; *Mead* v. *Small*, 2 Greenl. 207; *Warren* v. *Gilman*, 15 Maine, 70.

This bill having been indorsed in blank by the defendant became negotiated by delivery.

It appears from the testimony of Otis, that the plaintiff was to take the bill at his own risk as the immediate holder from the Franklin Bank, and that he was to pay it, if the defendant did not. Those banks appear to have been employed to collect it; and yet the Franklin Bank appears to have transmitted it to the Suffolk Bank as its own property and to have received credit for it. As the defendant failed to pay it, the plaintiff was obliged to pay it to regain possession of it. Such payment would not operate to discharge the defendant as drawer and indorser.

Otis does not appear to have been interested in the event of this suit, and he was properly admitted as a witness for the plaintiff.

The plaintiff is in a position no more favorable to a recovery, than the Franklin Bank would be; and it is insisted, that nothing was due to that bank, when this bill was drawn to pay a balance supposed to be due.

If there had been no settlement made between the defendant and the bank, the testimony now introduced in defence would, in an action between them, have been sufficient to prevent a recovery for certain sums charged to the defendant as paid on his account to H. K. Stevens, for which no other vouchers were produced at this trial, than letters from the defendant to the cashier of the bank authorizing him to honor the drafts of Stevens. The burden of proof in such a suit would have been upon the bank, and it must have failed upon the proof now presented.

The rights of these parties are presented under very different circumstances. This bill was drawn to pay a balance found to be due to that bank, upon a settlement deliberately made between the cashier and the plaintiff acting for the bank and the defendant, which was signed by the cashier and the defendant on the books of the bank. The charges now alleged to have been improperly made by the bank were then entered upon its books and were admitted by the signature of the defendant. The cashier had deceased before this trial. The plaintiff could not testify. The grounds, upon which that settlement was made, are exhibited but very imperfectly. There may then have been letters, drafts, orders, vouchers, or other evidence, produced by the cashier, which satisfied the defendant, that those sums had been paid to H. K. Stevens in consequence of his letters authorizing it. With respect to the other charges, respecting which errors are alleged to have been made, the testimony is still less satisfactory. It is very uncertain, whether the bank was not justly entitled to make them.

By the settlement the whole burden of proof has been changed. The bank can no longer be called upon to establish its right to make the charges. The burden is now upon the defendant to prove clearly, that there were errors made in that settlement, and show distinctly, what they were. It is not now sufficient for him to show, that certain charges were admitted by him upon insufficient proof, that they were

due. He must, to be relieved, show, that they were not in fact due.

The testimony falls much short of this; and fails to prove clearly, whether there was or was not any error committed in that settlement. The defence therefore fails.

*Defendant defaulted.*

TENNEY, HOWARD and RICE, J. J., concurred.