The opinion of the Court was drawn up by
Appleton, C. J.
The note in suit was indorsed in blank. The law is too well settled to be longer a matter of controversy, that an action on an indorsed note or bill of exchange may be maintained in the name of a nominal plaintiff, with his consent. Golder v. Foss, 43 Maine, 364; Granite Bank v. Ellis, 43 Maine, 367. In Craig v. Twomey, 14 Gray, 486, the plaintiff testified that the suit was not conducted for his benefit, but for that of a third person, who, on his part, denied having anything to do with it; yet the plaintiff, subsequently adopting the action, it was allowed to proceed. " Courts will never inquire,” remarks Chambees, J., in Whiteford v. Burckmyor, 1 Gill, 127, " whether a plaintiff sues for himself or as trustee for another; nor into the right of possession, unless on an allegation of mala fides; and the blank indorsements may be filled up” at the moment of trial.” But this will not be permitted to prejudice the defendant, by depriving him of any just ground of defence.
If an action be brought in the wrong county, that fact may be pleaded in abatement or taken advantage of by motion. But the general issue is a waiver of whatever might have been so pleaded or taken advantage of by motion. Webb v. Goddard, 46 Maine, 505.

Exceptions overruled.

Rice, Cutting, Davis, Kent and Walton, JJ., concurred.