## BANK OF AMERICA *vs.* JOSS SENIOR.

One H. made his promissory note to the order of Senior. It was indorsed by Senior, and subsequently by Stone, and by the A. Co. by Stone, treasurer. It passed into the possession of the Bank of America and was taken up by Stone, who brought suit on it against Senior in the name of the bank. At the trial, evidence was admitted by the presiding judge, notwithstanding Senior's objection, to show that Stone had paid the note to the Bank of America in full, and had left it for collection with the bank, and that the bank authorized Stone to bring suit in its name. Senior also requested the judge to instruct the jury that as the note had been paid to the bank in full, it could neither bring suit on the note nor authorize Stone to do so in its name. This instruction was refused, and the jury was told that if the facts, as claimed by the plaintiff, were satisfactorily proved, the plaintiff could recover.
*Held,* no error.
In an action on a promissory note against an indorser, it is not necessary for the plaintiff to allege in his declaration indorsements subsequent to the defendants, where the plaintiff does not sue upon any title derived through such subsequent indorsements.
A formal error is not a sufficient reason for a new trial.

DEFENDANT'S petition for a new trial.

*July* 1, 1876. DURFEE, C. J. This is a petition for a new trial on account of alleged errors in the rulings and charge of the court, in the trial of an action against the defendant as indorser of a promissory note for $500. The note was made by Charles Heptonstall, payable to the order of the defendant, indorsed by the defendant, and subsequently indorsed by P. M. Stone, and by American Manufacturing Company by P. M. Stone, treasurer.

The plaintiff, in the special count of his declaration, alleges that the defendant indorsed and delivered the note to him, without setting forth the intermediate indorsements. On the trial, when the plaintiff offered the note in evidence, the defendant objected to its admission upon the ground that it did not appear to be the note described in the declaration. The judge admitted it, and the defendant excepted.

We do not think the defendant should have a new trial on this account. The plaintiff did not sue upon any title derived through the indorsements subsequent to the defendant's, and therefore properly omitted to allege them. He might have stricken out the subsequent indorsements even after objection made at the trial, but the admission of the note before they were stricken out, if erroneous, was at most a merely formal error, and is not ground for a new trial. *United States* v. *Barker,* 1 Paine, 156 ; *Dugan*

v. *United States*, 3 Wheat. 172; *Green* v. *Jackson*, 15 Me. 136; *Mottram* v. *Mills*, 1 Sandf. 37.

Evidence was admitted on the trial to show that the indorser, P. M. Stone, had paid the note to the plaintiff bank in full, and left it with the bank to collect, and that the bank had authorized him to sue the note in its name. An exception was taken to the admission of this testimony. The defendant also requested the court to instruct the jury that, the note having been paid in full, the bank could not maintain its suit upon it, nor authorize Stone to sue it in its name. The judge declined to give the instruction, but did instruct the jury that upon the facts as claimed, if proved to their satisfaction, the plaintiff could recover. The defendant excepted to the charge.

We do not think the exceptions should be sustained. Professor Parsons, in his work on Notes and Bills, states the law thus: " Any one in possession of a bill or note payable to bearer, or indorsed in blank, even if he hold it only as trustee or pledgee, is *primâ facie* the holder, and may sue until his right is disproved. And it is no defence to an action on such paper, that the property of it is in another person and not in the plaintiff, and unless the possession of the latter is *mala fide*, and may work some prejudice to the defendant, the holder's title cannot be questioned." 2 Parsons on Notes & Bills, 436. In *Golder* v. *Foss*, 43 Me. 364, it was held that the action could be maintained, though the plaintiff had no interest in the note, and did not know of the commencement of the action in his name, if he subsequently assented to it. And in *Way* v. *Richardson*, 3 Gray, 412, it was further held that the fact that the note was indorsed when overdue, would not affect the plaintiff's right to maintain the action in the absence of proof that the defendant had a good defence against the plaintiff's indorser. And see *Whitten* v. *Hayden et al.* 9 Allen, 408; *Law* v. *Parnell*, 7 C. B. (N. S.) 282; *Ancona* v. *Marks*, 7 H. & N. 686; *Orr* v. *Lacy*, 4 McLean, 243; *Demuth* v. *Cutler*, 50 Me. 298.

In *Emmett* v. *Tottenham*, 8 Exch. Rep. 884, it was held that the action could not be maintained by a person having no interest and no possession, either actual or constructive, of the bill in controversy. This restricts the right of action within narrower limits than were allowed in some of the cases above cited, but

the rule, even as thus restricted, would not preclude the action in the case at bar ; for in the case at bar the action was not only authorized by the plaintiff bank, but the note, after having been paid by the indorser for whose benefit the action was brought, was left with the bank for collection.

It was urged in the case at bar that the note, having been paid to the bank, could not be sued by the bank. But the note, though paid to the bank, was not paid as between Stone and the defendant. Stone, having taken up the note, might have sued the defendant either in his own name, or, according to the authorities above cited, in the name of another person with his consent. If he could sue it in the name of any other person, we see nothing to prevent his suing it in the name of the bank, the defendant having adduced no evidence to show that he was prejudiced thereby. And see *Williams et al.* v. *James*, 15 Q. B. 498 ; *Callow* v. *Lawrence*, 3 M. & S. 95 ; *Hubbard* v. *Jackson*, 4 Bing. 390 ; also in 1 M. & P. 11 ; *Coleman et al.* v. *Biedman*, 7 C. B. 871 ; *Eaton* v. *McKown*, 34 Me. 510 ; *Kirksey et al.* v. *Bates*, 1 Ala. 303.                    *New trial refused.*