### BAIN v. HUSELBY. (No. 2592.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1926.)

**1. Vendor and purchaser ⚖⇒267—Plaintiff's lien held not discharged on payment of lien note by defendant, where note subsequently reissued.**

Where purchaser gave lien notes to vendor, which were sold to plaintiff, and land through subsequent conveyances passed into hands of defendant, who assumed payment of such lien notes, and after paying one of them resold land to his grantor, who assumed payment of both notes, and defendant thereafter resold note that he had paid to plaintiff, *held* that plaintiff's lien was not discharged by defendant's payment of lien note, since defendant, by requiring his grantor on resale of property to assume payment of both notes, thereby revived lien.

**2. Bills and notes ⚖⇒174, 440—Bill may be negotiated after it has been paid; reissued note subject to prior equities.**

A bill may be negotiated after it has been paid, though it takes status of date of reissuance, and one who purchases it takes it subject to prior equities.

**3. Contracts ⚖⇒177—One assuming payment of any obligation becomes primarily liable thereon.**

One who assumes payment of any obligation becomes primarily liable thereon.

Error from District Court, Wheeler County; W. R. Ewing, Judge.

Suit by Mark Huselby against J. L. Bain and others. Judgment for plaintiff, and named defendant brings error. Affirmed.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. R. Porter, of Clarendon, for plaintiff in error.

Coffee, Holmes & Coffee, of Miami, for defendant in error.

RANDOLPH, J. The following statement of the case is taken partly from the briefs of the parties hereto and partly from the record:

This is a suit by the plaintiff below, defendant in error here, for the foreclosure of a vendor's lien on certain land in Wheeler county, Tex., for the fixing of a vendor's lien upon said land, for the adjudication of the rights, claims, and equities of the parties, and for the removal and cancellation of any cloud upon plaintiff's title.

The original petition was filed April 28, 1923, making R. P. Barber, G. W. Fulbright, D. E. Holt, L. H. Hines, R. A. Sims, G. A. Bentley, and J. L. Bain all parties defendant, but this appeal only concerns the plaintiff below, defendant in error here, and the defendant J. L. Bain, plaintiff in error here.

On November 1, 1916, R. P. Barber made, executed, and delivered to G. W. Fulbright his three certain promissory notes numbered 1, 2, and 3. The first of said notes, having been paid, is not in controversy here. Notes numbered 2 and 3 are each for the sum of $449.66, payable to the order of said Fulbright on or before May 1, 1919, and May 1, 1920, respectively, with interest thereon from date at the rate of 8 per cent. per annum, the interest payable semiannually, and providing for attorneys' fees. These notes were given as part payment for certain land, and were secured by an express vendor's lien reserved in the deed from Fulbright to Barber upon said land. The defendant in error purchased notes Nos. 2 and 3 from Fulbright for a valuable consideration and took from him a transfer in writing of said two notes and the lien securing same, of date July 2, 1920. Barber sold the land to R. A. Sims, and that deed recites, as a part of the consideration for the purchase of such land, the assumption by the grantee of the two last-described notes. Sims conveyed the land to L. H. Hines, and, as a part of the consideration for such conveyance, Hines assumed the payment of $50 of principal unpaid on the second note, and payment in full of the third note, the notes in controversy herein. Hines sold the land to Bentley, and in that deed the grantee assumed note No. 3 and the $50.00 on the principal of the other note, or note No. 2.

Bentley, while he was the owner of the land, paid off the balance due on note No. 2, and it was turned over to him, and remained in his possession until the resale of same to Huselby, as hereinafter discussed. Bentley then resold the land to Hines, and in the named consideration in the deed Hines assumes the payment of note No. 3, and also assumes the $50 of principal on note No. 2.

Fulbright, on July 2, 1920, transferred notes Nos. 2 and 3 to appellee, Mark Huselby, together with the lien on the land securing their payment.

During the time Bentley was the owner of the land, he was primarily liable for the payment of note No. 3 and the $50 balance of principal on note No. 2, by reason of his assumption of such payment in the deed from Hines. After Bentley had paid off the balance of note No. 2, he resold the land to Hines, and, as stated, in such deed Bentley had Hines to assume the payment of the $50 balance on note No. 2. Again, subsequent to the resale of the land to Hines, Bentley then resold the note that he had paid off in the hands of Huselby, to Huselby.

[1] Bentley testifies that he never gave any thought to the question of lien, and then again he testifies that it was a vendor's lien note, and that he understood that the land stood good for it. When he paid the note off in the hands of Huselby, it then became functus officio. When he stipulated in the deed that Hines was to pay the $50, balance of the principal on note No. 2, he thereby revived the lien and again made it effective. This being the status of the note, he had the legal right to require a lien to secure its payment, and, it being a part of the purchase money, it was evidenced by the note. The note was not the debt, it was only the evidence thereof, and Bentley had the legal right to transfer such evidence, or assign it, in such way as would pass to the purchaser his vendor's lien on the land.

[2] It is the rule that a bill may be negotiated after it has been paid. Eaton v. McKown, 34 Me. 510; 2 Dan. Neg. Insts. p. 248, § 1242; Smith v. Cooley (Tex. Civ. App.) 164 S. W. 1050, 1054; Beauchamp v. Zellmer (Tex. Com. App.) 237 S. W. 911, 912.

It is true that this rule is so limited that such reissuance, coming from the hands of the maker, is held not to be in due course of trade, but that the bill takes the status of the date of reissuance, and one who purchases it takes it subject to prior equities. In the case at bar there are no prior equities, there is no one to be considered except Hines, who expressly contracted to secure the purchase money, and Bentley and Huselby, who knew all the facts. As to the appellant, he presents no equities. We do not know that he has any rights or equities. He is simply relying on the fact that the other fellow's yardstick may be a little short in its measurement.

[3] It is elementary that one who assumes the payment of any obligation becomes primarily liable thereon. If he is primarily liable, it is because he has substituted himself for the maker of the obligation, and stands in his shoes; hence, when Bentley reissued note No. 2, he occupied the same position as Barber, the maker.

There being no error in the judgment of the trial court, it is in all things affirmed.