## SOULE *v.* UNITED STATES.

Debt on the bond of a collector of internal revenue, bearing date Jan. 12, 1867. *Held*, 1. That the audit of his accounts was the duty of the First Auditor. 2. That the settlement of them, as the same appears by the transcript from the books of the Treasury Department, duly certified and authenticated, is *prima facie* evidence of the balance thereby shown, and it is competent for the accounting officer to correct mistakes and restate the balance. 3. That the sureties are liable for the gauger's fees received by the collector. 4. Where a bond given by the latter is objectionable in point of form, the direction of the Commissioner of Internal Revenue to execute a new one must be considered as that of the Secretary of the Treasury, and the bond given in compliance therewith cannot be considered as having been extorted from the collector and his sureties contrary to the statute.

ERROR to the Circuit Court of the United States for the District of California.

This was an action by the United States on the bond executed by Soule as collector of internal revenue for the first collection district of the State of California, and his sureties, bearing date Jan. 12, 1867, and conditioned according to law. There was a judgment in favor of the United States. The defendants sued out this writ of error.

The assignment of errors and the facts are set forth in the opinion of the court.

*Mr. W. W. Morrow* for the plaintiffs in error.

*The Solicitor-General* for the United States.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Internal-revenue collectors are required, before entering upon the duties of their office, to execute a bond for such amount as shall be prescribed by the commissioner, under the direction of the secretary, with not less than five sureties, conditioned that

the collector shall faithfully perform his duties, and account for and pay over to the United States all public moneys which may come into his hands and possession. 13 Stat. 225.

Pursuant to that requirement, the defendant first named, having been appointed such collector, on the 12th of January, 1867, gave the bond described in the complaint, and the other defendants signed the same as his sureties, the charge in the complaint being that the collector failed to perform the conditions of the bond.

Service having been made, the defendants appeared and pleaded as follows: 1. That the allegations of the complaint are not true. 2. That the bond is void because executed under duress. 3. Performance.

Subsequently the parties went to trial, and the verdict and judgment were in favor of the plaintiff. Exceptions were filed by the defendants, and they sued out the present writ of error, and removed the cause into this court.

Errors assigned here are as follows: —

1. That the court erred in admitting in evidence the transcript of accounts as audited by the fifth auditor.

2. That the court erred in instructing the jury that the sureties were liable for the item charged in the transcript as the excess collected on the amount of gauger's fees.

3. That the court erred in instructing the jury that the transcript was *prima facie* evidence of the correctness of the item charged therein as the amount of error by the assessor in footing lists, as per report of the supervisor.

4. That the court erred in instructing the jury that upon the evidence given the bond was a voluntary bond and was not extorted, and that the collector and his sureties were liable upon it.

5. That the court erred in instructing the jury that the direction to the collector contained in the letter of the commissioner to execute the bond, he having previously given one, must be considered as the direction of the Secretary of the Treasury.

Five things are established by the act of Congress: 1. That it is the duty of the commissioner to pay over daily to the treasurer all public moneys which may come into his posses-

sion.  2. That the treasurer is required to give proper receipts for the money, and keep a faithful account of the same.  3. That it is also the duty of the commissioner, at the end of each month, to render true and faithful accounts of all public moneys received or paid out or paid to the treasurer, and to exhibit proper vouchers for the same.  4. That it is the duty of the fifth auditor to receive such vouchers and examine the same, and to certify the balance, if any, and to transmit the accounts with the vouchers and certificate to the first comptroller for his decision thereon.  5. That it is the duty of the commissioner, when such accounts are settled as provided in that section, to transmit a copy thereof to the Secretary of the Treasury.  13 Stat. 223.

Argument to show that by the true construction of that section the fifth auditor is the proper officer to audit such accounts is scarcely necessary, as it is clear that the act contemplates that they should be audited, and that it does not devolve the duty upon any other officer.  Conclusive support to that theory, if more be needed, is also derived from the first paragraph of sect. 277 of the Revised Statutes, which, among other things, provides that the fifth auditor shall receive and examine all reports of the commissioner of internal revenue, which of course embraces such accounts as that of the collector in this case, as it includes all the accounts rendered in the department of the commissioner.  Rev. Stat. (2d ed.), sect. 277, p. 46.

Authority to appoint gaugers was conferred by the fifty-third section of the act imposing taxes on distilled spirits and tobacco, and for other purposes.  15 Stat. 147.  Fees for gauging and inspecting, as prescribed by the commissioner, were to be paid to the collector by the owner or producer of the articles to be gauged and inspected.  Such fees were to be retained by the collector until the last day of each month, when the aggregate amount of fees so retained was, under regulation of the commissioner, to be paid to the officers performing that duty, not to exceed, however, the rate of $3,000 per annum.

Four hundred and ninety-four dollars and thirty-eight cents, money collected from that source in excess of what the collector had paid out, remained in his hands, and was charged in the accounts as settled by the accounting officers of the

treasury. Due exception was taken by the sureties to the ruling of the court that they were liable for that charge. No objection was made to the charge as against the collector, but the objection was that the sureties were not liable, because the money was received under the subsequent act.

Viewed in that light, it must be assumed that the charge was a proper one as against the collector, and inasmuch as it was money collected by law of the owner or producer of the articles to be gauged and inspected, it was clearly public money in his hands to which he had no legal right. By the terms of the bond in suit the sureties are to become responsible if their principal does not justly and faithfully account for and pay over to the United States all public moneys which may come into his hands or possession. Beyond doubt the amount went into his hands and possession as public money, and in the judgment of the court here, the ruling of the court below, that the sureties are liable for it, is correct. *United States* v. *Powell*, 14 Wall. 493, 502; *United States* v. *Singer*, 15 id. 111, 121.

When suit is brought in any case of delinquency of a revenue officer or other person accountable for public money, a transcript from the books and proceedings of the Treasury Department, certified by the register, and authenticated under the seal of the department, . . . shall be submitted as evidence; and the court trying the cause shall be authorized to grant judgment and award execution accordingly. Rev. Stat., sect. 886; *Bruce* v. *United States*, 17 How. 439; *Smith* v. *United States*, 5 Pet. 292; *Cox* v. *United States*, 6 id. 172; *Hoyt* v. *United States*, 10 How. 109.

Treasury settlements of the kind are only *prima facie* evidence of the correctness of the balance certified; but it is as competent for the accounting officers to correct mistakes and to restate the balance as it is for a judge to change his decree during the term in which it was entered. *United States* v. *Eckford*, 1 id. 250. Errors of computation against the United States are no more vested rights in favor of sureties than in favor of the principal. All such mistakes in cases like the present may be corrected by a restatement of the account.

Sufficient appears to show that the principal defendant was appointed collector March 28, 1865, in the recess of the Senate,

to hold until the expiration of the then next session of Congress, and no longer. On the 25th of July following he was appointed to the same office by the President and was confirmed by the Senate. Due notice of his appointment was given, and he was furnished with a blank form of bond, which, on Nov. 2, 1866, he executed with sureties; but the bond being several and not joint and several, as it should be, he was officially requested to execute a new bond correcting that error. In pursuance of that request, on the 12th of January of the next year he executed the bond described in the complaint, and from the date of the first bond to the date of the second his accounts were settled by the treasury officers under the first bond. When the second bond was offered in evidence, the defendant objected to its admissibility; but the court overruled the objection, and instructed the jury that it was not extorted, which instruction constitutes the fourth exception.

Evidence to support the charge of duress is entirely wanting. Instead of that, the defendant testified that he did not remember that he made any objection to executing the bond, and supposed that he did it because the commissioner had given such directions.

Exception was also taken to the instruction of the court that the direction of the commissioner to execute a new bond must be considered as the direction of the secretary, which is so obviously correct as to require no argument in its support, as it is matter of common knowledge that the commissioner is a subordinate officer of the Treasury Department. *Dugan* v. *United States*, 3 Wheat. 172; *United States* v. *Kirkpatrick*, 9 id. 720; *Hamilton* v. *Dillon*, 21 Wall. 73.

Suffice it to say that in view of these suggestions it is clear that there is no error in the record.

*Judgment affirmed.*