Wieland agt. Renner.

# SUPREME COURT.

## MICHAEL WIELAND agt. MAGDALENA RENNER and others.

*Aliens next of kin — Effect of the treaty between the United States and the king of Wurtemberg — Parties.*

C. H., a naturalized citizen, died in 1874, leaving seven brothers and sisters or their children, as his only next of kin. They were all non-resident aliens, residing in Wurtemberg, except the defendant R. and the plaintiff and his sister, and a nephew of the deceased, J. P. M. H., who was a resident alien. The defendant R. was a daughter of a deceased sister of C. H., and at his death was the wife of a citizen, and resided in this country. She was the only person who could directly inherit from her uncle, and she took possession of real estate belonging to him in this city, claiming to be the sole owner. Mrs. W., mother of plaintiff, in 1875 sold her right to her brother's property by virtue of the treaty to her son, the plaintiff, who thereupon brought this action to have it adjudged that he and the children of his deceased sister were entitled to share in his uncle's property.

*Held, 1st.* That the objection that the alleged non-resident alien infant heirs of H. were not made parties to this action is not valid.

*2d.* The provision in the treaty between the United States and the kingdom of Wurtemberg which provides that "where, on the death of any person holding any property within the territories of one party, such real property would, by the laws of the land, descend on a citizen or subject of the other where he not disqualified by alienage, such citizen or subject shall be allowed two years to sell the same, which term may be reasonably prolonged according to circumstances and to withdraw the proceeds thereof without molestation and exempt from all duties," is in effect a statute of limitation. As there has been no prolongation, the time prescribed by statute must apply.

*3d.* The words "resident aliens," in the provision of the act of 1845, to enable resident aliens to take and hold real estate (*sec.* 4, *chap.* 115, *Laws of* 1845), which enables those answering the description of heirs of a deceased alien to take whether they are citizens or aliens, do not include or designate a "naturalized citizen."

*4th.* The act of 1874 (*chap.* 261, *Laws of* 1874) amending the act of 1845 by inserting after the words "resident alien" the words "or any naturalized or native citizen" does not apply to this case, because the rights of the parties had become vested and fixed before the act was passed (*See Renner agt. Muller,* 57 *How.,* 229).

*At Chambers, May,* 1883.

CARL HAFNER, a naturalized citizen of the United States, died in 1874, leaving seven brothers and sisters, or their children, as his only next of kin. They were all non-resident aliens, residing in Wurtemberg, except the defendant Renner and the plaintiff and his sister, and a nephew of the deceased, named John Phillip Michael Hafner, who was a resident alien. The defendant Renner was a daughter of a deceased sister of Carl Hafner, and at his death was the wife of a citizen, and resided in this country. She was the only person who could directly inherit from her uncle, and she took possession of real estate belonging to him in this city, claiming to be the sole owner. Mrs. Wieland, mother of plaintiff, in 1875 sold her right to her brother's property by virtue of the treaty to her son, the plaintiff, who thereupon brought this action to have it adjudged that he and the children of his deceased sister were entitled to share in his uncle's property. Judge Donohue, before whom the case was tried about a year ago, gave judgment in his favor, and the property was then sold. The purchaser refused to take title, claiming that John Phillip Michael Hafner was a necessary party to the action. A motion to compel him to take title was granted, the court giving the following opinion:

*Peter Cook*, for the motion.

*Michael C. Gross*, opposed.

LAWRENCE, *J.*— 1. The only one of the non-resident alien heirs of Carl Hafner who took advantage of the provisions of the treaty between the United States and the king of Wurtemburg, was the mother of the plaintiff and of Mrs. Muller, whose children are parties to this action, and I am, therefore, of the opinion that the objection that the alleged non-resident alien infant heirs of said Hafner were not made parties to this action is not valid. The treaty in question provides :·

"Article 2. Where, on the death of any person holding real property within the territories of one party, such real property

would, by the laws of the land, descend on a citizen or subject of the other were he not disqualified by alienage, such citizen or subject shall be allowed two years to sell the same, which term may be reasonably prolonged according to circumstances, and to withdraw the proceeds thereof without molestation and exempt from all duties."

" Article 4. In case of the absence of the heirs, the same care shall be taken provisionally of such real or personal property as would be taken, in a like case, of property belonging to the natives of the country, until the lawful owner, or the person who has a right to sell the same according to article 2, may take measures to receive and dispose of the inheritance."

The treaty does not provide how the prolongation of the time within which the property therein referred to shall be sold is to be obtained, but as in fact over seven years had elapsed between the date of the death of Hafner and the commencement of this action, and as there is nothing before me to show that such prolongation has been applied for or obtained, I do not see how it can be objected that the title of the purchaser can be endangered after this lapse of time by the probability of an application for such prolongation. If it be said that the alleged alien infant heirs should stand on any better footing than adults, there is nothing in the treaty to that effect, and even if they do stand on a better footing, the lapse of time has been so great that it seems hardly probable that any tribunal to which the facts were presented would now, that judgment has been entered, grant such prolongation.

The case of *Hauenstein* agt. *Lynham* (100 *U. S.*, 10 *Otto*, 483) does not aid the purchaser, because in that case by the treaty between the United States and the Swiss confederation of November, 1850, there was no limitation of time within which the right to sell real estate, &c., should be exercised, other than that which the laws of the state or country would permit.

Indeed that case appears on this point to be an authority in

favor of the plaintiff's position. In the previous treaty a term of not less than three years was allowed for the disposition of the property, and the collection and withdrawal of the proceeds thereof, &c., and the supreme court of the United States say that the provision as to time in the earlier treaty is in effect a statute of limitation. So in this case the right is to be exercised in two years, but may be reasonably prolonged. As there has been no prolongation, the time prescribed by the statute must apply.

2. The resident alien, John P. M. Hafner, did not avail himself of the provisions of the treaty with the king of Wurtemberg. He came to this country after October 17, 1873, at which date he obtained leave to emigrate from Wurtemberg. This was a short time before the death of Carl Hafner, which occurred January 19, 1874. John P. M. Hafner was an infant when he arrived here, and became of age sometime in 1877.

I do not find that the treaty contains any provision extending or amplifying his rights during his minority, but even if it did, as much more than two years elapsed after he became of age, and before the commencement of this suit, and as there has been no prolongation, I think that he has no claim to the estate under the treaty.

3. So far as John P. M. Hafner may claim to succeed to any interest in his uncle's estate on the ground that he was a resident alien at the time of the uncle's death, the decision of the court of appeals in the case of *Luhrs* agt *Eimer* (80 *N. Y.*, 171) is directly in point. That case holds that the words "resident alien" in the provision of the act of 1845, to enable resident aliens to take and hold real estate (*sec.* 4, *chap.* 115, *Laws of* 1845), which enables those answering the description of heirs of a deceased alien to take whether they are citizens or aliens, do not include or designate a "naturalized citizen." In this case Carl Hafner was a naturalized citizen.

4. The act of 1874 (*chap* 261 *of Laws of* 1874), amending the act of 1845 by inserting after the words "resident alien" the words "or any naturalized or native citizen," does not

apply to this case, because the rights of the parties had become vested and fixed before that act was passed (*Luhrs* agt. *Eimer*, 80 *N. Y.*, 180).

5. With respect to the objection that there has been any repudiation of the deeds executed by Christine Rosine Wieland under which the plaintiff claims, I find nothing to support the statement in the papers before me. Furthermore, the learned justice before whom this cause was tried has found, as matter of fact, that her interest was duly sold, assigned, conveyed and transferred by said Rosine, under and by virtue of the treaty between the United States and Wurtemburg.

6. As to the claim that as the papers in the partition suit cannot be found in the county clerk's office, the purchaser should not be compelled to complete, the answer seems to be that there is a perfect title by adverse possession, Huxton having conveyed to the party through whom the parties to this action claim, by a deed executed and delivered more than twenty years ago (*See Grady* agt. *Ward*, 20 *Barb.*, 543, 547).

For these reasons I think this motion should be granted, with costs.