Mr. Justice Livingston
delivered the opinion of the r ■' / ■ . r court, and after stating the facts,- -proceeded, as follows: ,
The first question which will be disposed of, although not the first in the order Of argument, will be, whether the endorsement, of this - hill to Mr. Tucker,, under the peculiar circumstances attending the transaction did not'pass such an interest to the United States, as to enable them, to sue in their own name.' In deciding this point, it will be taken for granted, that no doubt can arise bn the special verdict as to the party really interested in this bill. , It was purchased with the money of the United States. It was' endorsed, to their treasurer; it was registered at their treasury; !! was forwarded by their secretary of the treasury, to whom it was returned, after.it had been dishonoured, for and m behalf, as the. jury expressly , find, of.thé United States.’ Indeed, without ¿denying the bill to he the property of the United States it is supposed that the.ac *180 tion should have been in the.name of Mr. Tucker, their-treasurer, and not in the name of the cesluy que trust.. .If it be admitted, as it must be, that a- party may in some casés declare according to the legal intendment of an instrument, it is not easy to' conceive a cáse where such an intendment can be stronger, than in the case before the court, but it is supposed that before any such intendment cad be made, it must appear that Mr. Tucker acted under gome law, and that his conduct throughout comported with his duties as therein prescribed. It is sufficient for the present purpose that'he appears to have acted in his official character, and .in conjunction with othér officers of the treasury. The court is not bound to presume that he acted otherwise than according to lavs!, or those rules which had been established by the proper departments of government for the transaction-of business df this nature,.- If it generally true, ■ that when a bill is endorsed to the °f another for the use of his principal, an]action be maintained, in the name of such principal (on ' r • '* * . which point no opinion is given,) 'the government should ■ . , , ° •' form an exception to such rule, and the u. Statps be permitted to s-ue in their own name, whenever it appears, not onty on the face of the instrument, but from all the evidence, that they.alone were interested in the subject mat- & ter of the controversy. - There is a fitness that the.public by its o.wn officers should cóndüct all actions in which interested, and in' its own name; and the in. conveniences to which • individuals -may be exposed , J - this way, if any, are -light, when weighed against *181 those which would result from its being, always forced to bring an action in the name of an agent, Not only the death or bankruptcy of an agent may ereáte difficulties, but set-offs naay be interposed against the individual who is plaintiff, unless the court will take notice of the interest of the United States jand’-if they can do this to prevent a set-off, which courts of law have done, why not at once permit an action to be instituted in the name of.the United States? An .intimation was thrown out that the United Statés had no right to sue in any casé, without an act.of congress- for the.purpose. On this-,point the court entertains no doubt. In all cases of contract with the United States, they,must have a right to enforce the performance of such- contract, or to recover damages for their violation, by actions in their own name, unless a different - mode of suit be prescribed by law,, which is not pretended to -be the case here. It would-be strange to deny to them a right which is secured to every citizen of the United States.
^ ther when the use of principal, an action thereon «an be main-' sained by the owuramei1118 mayVeasfatween private parties, the United States their own that-they are alone interestediotho jeat matter.
*181 It is next said by-’the plaintiff in error, that if the endorsement to Mr. Tucker, as treasurerof the United States,-passed such an interest to the latter, as to enable them to sue in their own name, yet such title, was devested by Mr. Tucker’s, endorsing the bill to the Messrs. Will-inks and Yan Staphorst, which endorsement appeared on the bill at the trial., and is still on 'it.
The argument .on this point is, that the transfer to the last endorsees being in full, a recovery-cannot be' had in the name of the United States, without produc' . ing from them a receipt, or a re-indorsement of the bill, *182 and that this éndorsment not being in blank could not be obliterated at the trial, so that the court and jury were bound to believe., that the title to this bill was not in the United States but in, the gentleman to whom Mr. Tucker had endorsed it.
Theendorse,r of a'bill, who iato^tíiejjosiotob« regard hofde/and less the contrary appears, and may recover thereon, notwithstanding there may be onepr more endorsements in full, subsequent to the endorsement to him, without producing any receipt or endorsement back to him, from either of such endorsees, and without striking, their names from the bill.
Thfe mere returning of this bill, with the protest for' non-acceptance and non-payment by-the Messrs. Willinks and Van Staphorst to the Secretary of the Treasury of the United States,, for their accoun t* is presump-. tive evidence of the former having acted only as agents or as bankers of the United States. When ' that is not the case, it is not usual to send á’bill back to the last endorser, but to some third person, who may give notice of its being dishonoured and apply for payment to such endorser,, as well as to every other party to the bill. In the case of an agency, then so-fully established,it would be yain to expect either a receipt or are-éndorsement of the bill. The first could not - be giv ' en consistent with the tri-th of the fact, and the latter might well be refused by a cautious person who had no interest whatever in the, transaction. ’ In such case, therefore,- a court may well say that all the title which ■ the last endorsees ever had in the -bill,-which was a mere right to colléct it for the United States, was devested by the single act of returning it' to the party of whom it was received. But if this agency in the ■ Messrs. Willinks and Ván Stophorst were not -estab-. lished, the opinión of the court' would be the same; ^er an examination of the- cases on this subject, *183 (which cannot, all of them, be reconciled,) the court is'of opinion, that if any person who endorses a bill of' exchange to another, whether for value, or. for the purpose of collection, shall come to the possession thereof ^ , again, he ■ shall be regarded, unless the contrary appear in .evidence, as the bona fide holder and proprietor of such bill, and shall be entitled' to recover, notwithstanding there may: be on it. one or. more endorsements in full, subsequent to the one to him, without produc-1 ing any receipt or endorsement back from either of such endorsees^ whose names he may strike from the bill, or not, as he may think proper.
Judgment affirmed.