## Case No. 8,492.

### LONSDALE v. BROWN.

[3 Wash. C. C. 404.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1818.

BILL OF EXCHANGE—ENDORSEMENT WITHOUT CONSIDERATION—COMMISSION TO TAKE DEPOSITIONS—STATUTE OF LIMITATIONS—SUBSEQUENT PROMISE—TERMS VARIED.

1. Action on a bill of exchange, by the payee, against the drawer, which he had endorsed to O., and which was by O. endorsed to C. The court admitted O. to prove that he endorsed the bill to C., merely to recover the money, for the account of the plaintiff, and without consideration. The possession of the bill, by the drawee, is prima facie evidence, that he has paid all those who could claim against him, on the bill; and the endorser, O., has no interest in the event of the suit.

[Cited in Conant v. Wills. Case No. 3,087.]

[Cited in Brinkley v. Going. 1 Ill. 367; Parks v. Brown, 16 Ill. 456; Brown v. Ferguson, 4 Leigh, 51; Austin v. Birchard, 31 Vt. 591. Cited in brief in Craig v. Craig, 3 Rawle, 478; Weakly v. Bell, 9 Watts, 278.]

2. A commission directed to A and B, or either of them, to take depositions, authorizes the deposition of A, to be taken by B.

3. Where a subsequent promise, or acknowledgment of a debt is made, it may be given in evidence, to remove the bar of the statute of limitations; although the action be brought upon the original cause of action. But if the new promise,

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

vary the terms of the original contract, on which the action is brought; as if the former be conditional, and the latter absolute; the former cannot be given in evidence.

[Cited in Davis v. Van Zandt, Case No. 3,656; Lonsdale v. Brown, Id. 8,494.]

[Cited in brief in Downing v. Lindsay, 2 Pa. St. 383. Cited in Howe v. Saunders, 38 Me. 352; Mattocks v. Chadwick, 71 Me. 315.]

Action on a protested bill of exchange, dated 19th of May, 1807, drawn by the defendant, at New-Orleans, in favour of the plaintiff, at sixty days after sight, on James Brown & Co. of Philadelphia, for 600 dollars—pleas, 1st, non assumpsit; and, 2d, non assumpsit, within six years; and issue joined, with leave to the plaintiff, by the agreement of the parties, to give any legal evidence to prove a new promise, or the inapplicability of the act of limitations. The bill was presented for acceptance, on the 11th of July, 1807, and was protested; on which protest for non-acceptance, this action was brought. It did not appear, that payment was ever demanded, or that a protest for non-payment was made; neither did it appear, that notice of the non-acceptance had been given to the defendant. The bill was endorsed in full, by the plaintiff, to O'Neil, and by O'Neil to Chancellor. The plaintiff offered the deposition of O'Neil, to prove that no consideration passed from Chancellor; but that the bill was endorsed to him, as agent merely, to receive the amount, for account of the endorser. This evidence was objected to, on the ground that it was calculated to discredit a negotiable paper, on which the witness had placed his name.

BY THE COURT. There is no weight in this objection; the bill having got into the hands of the payee, it is prima facie evidence, that he has paid the amount of it, to those who had a right to call upon him; although it is not endorsed to him by O'Neil, or Chancellor, according to the late decision of the supreme court, in the case of Clark v. U. S., 2 Wheat. [15 U. S.] 27. In this suit, therefore, by the payee against the drawer, O'Neil has no interest; nor can it be said, that his evidence has a tendency to discredit the bill.

A commission to take depositions directed to A and B, or either of them, under which sundry depositions were taken by A, one of the commissioners; and then the deposition of A, taken by B, was offered in evidence, and objected to. But the objection was overruled.

The plaintiff offered parol evidence, to prove what was the legal rate of interest, and the damages on protested bills of exchange at New-Orleans, at the time this bill was drawn.

BY THE COURT. The presumption is, that those subjects are established by some written law; and if so, the law itself must be produced. Parol evidence, to prove foreign laws, is never admitted, but in cases where it appears that those laws are unwrit-

ten. The plaintiff proved, that in November, 1809, the defendant, in a conversation with the plaintiff, expressed his regret that this bill had not been paid; and promised that if he should ever be able, though it should be ten years, he would pay it. This evidence was given to prove a new promise, so as to take the case out of the act of limitations.

J. R. Ingersoll and Mr. Chauncey, for defendant, objected to the plaintiff's right of recovery, on the following grounds: (1) That the bill was not presented for payment, and that no notice of non-acceptance was given to the drawer; and that the promise in November, 1809, was not binding on the defendant, unless it appeared, that he was fully informed of the above facts, and of his legal rights founded thereon. 7 Mass. 449; Kyd, Bills, 129. (2) The promise in 1809, cannot avail the plaintiff, as this suit was not brought till 1816, more than six years after it was made.

Mr. Shoemaker, for plaintiff, contended: (1) That if a bill be protested for non-acceptance, presentation for payment is unnecessary, but suit may be immediately instituted. Promise to pay a bill by the drawer, or endorser, is evidence of notice. 4 Johns. 144; 5 Johns. 248; 2 Camp. 188. (2) The act of limitations did not begin to run from the time of the new promise in 1809—1. Because it was conditional, to pay when the defendant was able, till which event, the plaintiff could not commence his action. 2 H. Bl. 116;—and 2. Because the defendant had ten years to pay it in; which, of course, suspended the operation of the act during all that period. He cited 5 Burrows, 2630; Peake, Ev. 310; 6 Mod. 26.

WASHINGTON, Circuit Justice (charging jury). This is a plain case, upon the plea of the act of limitations. It is admitted, that an absolute promise to pay, made in 1809, would not take this case out of the operation of the act, unless the suit had been brought within six years after the promise was made, which this was not. But it is contended that the promise was conditional, in two respects, —first, to pay when the defendant should be able; and secondly, at any time within ten years; and consequently, that the limitation did not begin to run till he was able, nor till the expiration of the ten years. As to the first, whether a promise to pay when the defendant shall be able, be absolute or conditional, need not be decided in this case; because, if it be conditional, still this action, which is upon the original promise, cannot be supported. Where a subsequent promise, or acknowledgment of a debt, is made, it may be given in evidence, to remove the bar of the act of limitations, though the action be brought upon the original cause of action. But, if the new promise vary the terms of the original contract on which the action is brought; as if the former be conditional, and the latter absolute; the former cannot be given in evidence, because the proof would not correspond with the allegation. The defendant could not be prepared to meet evidence, of which the declaration gave him no notice; and if the plaintiff were to state the conditional promise, in a replication, it would be a departure from the declaration. It was for these reasons, that the court refused to permit the plaintiff to give evidence of the ability of the defendant to pay this debt. As to the promise to pay, if it were ten years, it is subject to the same objection; and also to another. If the defendant was bound, by this promise, to pay at any time within the ten years, as the plaintiff contends he was, then the act of limitations began to run from the time the new promise was made, and of course this action was brought too late. If he was not bound to pay before the expiration of the ten years, then it is brought too soon. So that, take it either way, the plaintiff cannot recover. If the true construction of the promise be, to pay, if the defendant should be able at any time within ten years; still it would be liable to the objection before stated, that of its being conditional.

Verdict for defendant.

[NOTE. Action was brought by the plaintiff against the defendant upon a similar bill, drawn in 1806, for the same sum. A new promise of defendant in 1809 to pay when able was pleaded. There was a verdict for plaintiff. Case No. 8,493. Subsequently, upon a motion for a new trial, the court required the plaintiff to elect either to release damages to a certain sum or go to a new trial. Case No. 8,494.]