## Pitts v. Keyser and Keyser.

1. Plaintiff producing a note payable to him, is presumed owner of it; though it appears endorsed by him to another.
2. This is but a presumption, and may be rebutted by proof.
3. If the interest be really in such endorsee, the plaintiff cannot recover.

Joseph C. and Charles C. Keyser, brought an action of assumpsit, in the Circuit Court of Pike county; and

declared on a promissory note made by Pitts, payable to JANUARY 1827.
them. The cause was tried before Judge Crenshaw, at
the April term, 1826, and a bill of exceptions was ten-
dered by the defendant and sealed by the Court, by
which it appears, that the note described in the declara-
tion, and produced to the jury, had on it an endorsement in
these words : " Pay Gen. Eldridge S. Greening, or or-
der : Joseph C. and Charles C. Keyser." That no other
evidence was offered but the note, on either side. The
defendant moved the Court to instruct the jury, that the
endorsement on the note, transferring the entire interest
in it to a third person, was sufficient to defeat the plain-
tiff's right of action. The Court refused the charge, and
instructed the jury that they should not take the fact of
the endorsement into consideration ; that if available, the
objection should have been taken when the note was of-
fered in evidence.

Pitts now assigns for error, the matter shewn by the
bill of exceptions.

GOLDTHWAITE, for the plaintiff, cited and relied on
the case of Welch against Lindo, 7 Cranch 159 ; Gergeot
against M'Carty, 2 Dallas 144 ; 1 Harden's Reports 562,
and the cases there cited, Chitty on Bills, edit. of 1817,
148, 378.

GREENING, for the defendants.

## By JUDGE TAYLOR.

In a case similarly situated, reported in Wheaton, [a]  [a] 3 Wheaton 192.
the Supreme Court of the United States determined
they would presume the property in the paper sued on
was in the holder, although there was an endorsement on
it to a third person, until the contrary was proved ; that
they would presume the endorsement had been made to
facilitate collection, or for some such purpose, and that
the instrument had been returned to the owner without
that object being effected. This presumption like all
others, might be rebutted by proof, and if it should be
made to appear by evidence, that the property was really
in the endorsee, the defendant would have a verdict. This
case is conclusive on the point, and therefore, let the
judgement be affirmed.

JUDGE CRENSHAW not sitting.

NOTE. See Johnston use of Stone against English, decided at this
term.