Nov. Term,
1838.

Dodd v. Noble.

Covenant on a lease for rent. Plea, that the plaintiff assigned the lease to a third person before the rent became due and before the suit was commenced. Replication, that before the commencement of the suit, the assignee delivered back the lease to the plaintiff, and cancelled the indorsement. Rejoinder, that the assignee did not cancel the indorsement, concluding to the country. *Held*, that the rejoinder tendered an immaterial issue.

The above issue having been joined and found for the defendant, it was *held* that a repleader should be awarded.

*Wednesday,*
*November 21.*

ERROR to the *Cass* Circuit Court.

. Blackford, J.—This was an action of covenant for rent due on a lease. The defendant pleaded, *inter alia*, that before any part of the money became due, and before the commencement of the suit, the plaintiff assigned the indenture to a third person. The plaintiff replied that the assignee, before the suit was commenced, delivered the indenture back to the plaintiff, and cancelled the indorsement. The defendant, by way of rejoinder, averred that the assignee did not cancel the indorsement; and ˉconcluded to the country. Verdict and judgment for the defendant.

This judgment is erroneous. The verdict was rendered upon an immaterial issue tendered by the defendant. The substantial part of the replication is, that the indenture had been delivered back to the plaintiff by the assignee; and it was for the defendant either to deny that fact or to confess and avoid it. But the rejoinder does neither. It merely denies the cancelling of the indorsement by the assignee, and concludes to the country. That was tendering an immaterial issue. It was not essential to the plaintiff's right to recover, that the assignee had cancelled the assignment. If the plaintiff had become lawfully possessed of the indenture as his own, by a delivery of it back to him by the assignee, that was sufficient for him; and it was of no consequence to the merits of the cause whether the indorsement had been cancelled by the assignee, or whether it had been formally cancelled at all. *Dugan* v. *The United States*, 3 Wheat. 172 (1).

The verdict therefore in favour of the defendant, upon the issue tendered by the rejoinder in question, does not show that the plaintiff is not entitled to recover; and the Court,

instead of rendering a final judgment on the verdict, should have awarded a repleader.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, &c.   Cause remanded, &c.

*I. Naylor,* for the plaintiff.

*H. Cooper,* for the defendant.

(1) The payee's possession of a note, notwithstanding an indorsement on it in full, is *prima facie* evidence that the note is his.   *Harris et al.* v. *Smith,* Vol. 4 of these Rep. 550, and note.—*Williams et al.* v. *Dyer et al., May* term, 1839, *post.*