HERNDON, use of WOODWARD, v. TAYLOR.

1. When suit is brought on a promissory note, in the name of the payee, for the use of another, and is produced in evidence at the trial, it ought not to be excluded, although it appears, from an indorsement upon it, to have been assigned to one not connected with the suit; the legal presumption in such a case is that the note has been returned by the assignee to his assignor.

Writ of error to the county court of Benton county.

Assumpsit by Herndon, for the use of Woodward, against Taylor, on a promissory note by him payable to Herndon.

At the trial, the note was offered in evidence; but, it appearing from an indorsement upon it, to have been assigned by Herndon to one Smith, and by him to one Francis, the note was excluded from the jury, on motion of the defendant. The plaintiff here assigns this as error.

Rice, for the plaintiff in error, cited Pitts v. Keyser, 1 Stewart, 154; Dugan v. United States, 3 Wheat. 182; Evans v. Gordon, 8 Porter, 142; Grigsby v. Nance, 3 Ala. Rep. N. S. 347.

W. B. Martin, *contra.*

GOLDTHWAITE, J.—The note was improperly excluded in this case; and, even if it had been before the jury, would not have warranted an inference that the plaintiff was not entitled to sue. When a note is in the possession of one who appears to have previously transferred it, the legal presumption is, that it has been regularly returned to him. [Pitts v. Keyser, 1 Stewart, 154; Dugan v. United States, 3 Wheat, 182.] This is a presumption merely, which may be repelled by showing the legal interest to be with the party who is shown on the note as its assignee. If the person, for whose use this suit is instituted, is the *bona fide* holder of the note, there certainly is no reason why he may not disregard the endorsements, and use the name of the payee for the purposes of the suit; for he cannot sue in his own name, not being an indorsee.

Judgment reversed, and remanded.