# Anniston Pipe Works *v.* Mary Pratt Furnace Co.

*Action on Promissory Note, by Payee against Maker.*

1. *When payee may sue on indorsed note.*—When an indorsed promissory note gets back into the possession of the payee, the presumption is that he has paid it, and he is remitted to his original title; and he may recover against the maker on producing the note itself, without noticing the indorsements.
2. *Filing plea; what is revisable.*—After the time for pleading has expired, the issues made up, and the trial entered on, it is discretionary with the court whether or not to allow an additional plea to be filed; and the exercise of this discretion is not revisable on appeal.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by the Mary Pratt Furnace Company, a private corporation, against the Anniston Pipe Works, another private corporation, and was founded on a bond, or promissory note under seal, to which the defendant's name was signed, "by W. L. McCaa, sec. and treas." The note, which was set out in the complaint, was dated Sept. 1st, 1890, and payable four months after date, to the order of the plaintiff, at the First National Bank of Anniston. The defendant pleaded "the general issue," and issue was joined on that plea. On the trial, the plaintiff offered in evidence the written instrument on which the action was founded, and on which was an indorsement by plaintiff to the "Birmingham Trust & Savings Company, or order;" but did not offer the indorsement in evidence. The defendant objected and excepted to the intro-

duction of the note as evidence without the indorsement, and also to the exclusion of the indorsement as evidence when offered by the defendant. The bill of exceptions states that the court made these rulings "on the ground that the defendant did not plead except the general issue, and in the absence of a special plea raising the defense that plaintiff did not have the legal title, the evidence was inadmissible." The defendant then proposed to file a special plea, alleging that the plaintiff did not have the legal title to the note; but the court refused to allow this plea to be filed, and the defendant excepted. The case being then submitted to the decision of the court without a jury, the court rendered judgment for the plaintiff, for the amount of the note and interest. The several rulings to which exceptions were reserved, as above stated, are assigned as error.

KNOX & BOWIE, for appellant.

KELLY & SMITH, *contra.*

McCLELLAN, J.—To a recovery on a bill or promissory note it is only necessary for the plaintiff to prove such of the indorsements as carry the title into him. All others may be pretermitted in averment, and, of course, in the evidence. 2 Greenl. Ev. § 166. If the paper, though indorsed and transferred, gets back into the hands of the payee, the presumption is that he has paid the sum evidenced by it to the indorsee, and thus become *prima facie* again the legal owner.—*Dugon v. United States*, 3 Wheat. 172; *Herndon v. Taylor*, 6 Ala. 461; *Tuskaloosa Cotton Seed Oil Co. v. Perry*, 85 Ala. 158. And upon such title he may maintain an action on the note against the maker.—*Pinney v. McGregor*, 102 Mass. 186; *Oil Co. v. Perry, supra.* It results necessarily from these principles, that where the note is in the possession of the payee, the law converts that possession into a *prima facie* legal title, upon which suit may be prosecuted, wholly regardless of the condition of the paper as to indorsements, and puts the *onus* of showing the absence of the title on the defendant. Such indorsements, of themselves, do not stand in the way of recovery, and, whether they import a final indorsement back to the payee or not, they need not be alleged or proved. In the case at bar, therefore, it was no part of plaintiff's case to set forth in the complaint, or establish by the evidence, the indorsements found on the back of the paper; its title to maintain the suit did not depend upon them, and the right to recover was not in any degree, certainly in the absence of a

[Spratt v. Wilson, Martin & Leedy.]

plea denying ownership, affected by any possible conditions with respect to them. And the court properly, in our opinion, admitted the note in evidence without the indorsements, and without requiring plaintiff to adduce the indorsements.

Upon these rulings of the court being made, and put on the ground that no plea denying plaintiff's title had been interposed, the defendant, after pleas had been filed and the issues made up, and after the time for pleading had elapsed, and indeed in the midst of the trial, asked leave to file such special plea duly verified. We are clear to the conclusion, that at this stage of the proceeding it was in the discretion of the court to allow or refuse to allow the filing of this new and additional plea, and that its action in refusing the leave prayed can not work a reversal of the judgment.—*Jones v. Ritter*, 55 Ala. 270.

Affirmed.