ASSETS REALIZATION CO. v. MERCANTILE NAT. BANK.   (No. 7204.)

(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

1. INDEMNITY ⊙⟼13—IMPLIED CONTRACT—DEFENSE.

A depositor, having two deposit accounts with a bank, one designated as the "B." account and the other the "N." account, became liable to the bank as guarantor of the payment of notes made by a third person, which the bank discounted at the request and for the benefit of the depositor. The bank applied the balance of the deposits by entry in the general ledger loan accounts, under the "N." account, "Hold apply on" the note of the third person a specified sum, and, against the "B." account, "Hold apply on note" a specified sum. Two of the notes were past due and unpaid at the time the bank so appropriated the balance. *Held*, that the application on the books of the bank of the balance of the deposits to the notes did not discharge the liability of the third person as maker, nor prevent the depositor from recovering against the third person under the implied agreement of indemnity, though the bank took renewal notes for the balance due.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. ⊙⟼13.]

2. BILLS AND NOTES ⊙⟼439—PAYMENT BY ONE SECONDARILY LIABLE—EFFECT ON LIABILITY OF MAKER.

Payment of a note, in whole or in part, by one secondarily liable thereon, does not discharge the maker's obligation.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1281–1285; Dec. Dig. ⊙⟼439.]

3. BILLS AND NOTES ⊙⟼439—PAYMENT BY GUARANTOR—EFFECT.

A bank, discounting notes, payment of which was guaranteed by a depositor, may sue the maker for the full amount of the notes, notwithstanding partial payment by ·the depositor as guarantor, but a recovery will inure to the benefit of the guarantor to the extent of any payment made by him.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1281–1285; Dec. Dig. ⊙⟼439.]

4. INDEMNITY ⊙⟼15—ACCRUAL OF RIGHT OF ACTION.

A cause of action in favor of a guarantor of the payment of a note, based on the implied agreement of the maker to indemnify him, arises the moment the guarantor's bank balance is appropriated by the· bank holding the note, unaffected by any subsequent transactions, between the bank and the maker, as to renewal notes for the balance, for the bank as holder could give the maker further time for the payment of the unpaid balance.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–40, 42–47; Dec. Dig. ⊙⟼15.]

Appeal from Trial Term, New York County.

Action by the Assets Realization Company against the Mercantile National Bank.   From an order setting aside a verdict for plaintiff, directed by the court after rendition of a special verdict, and granting a new trial, plaintiff appeals.   Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Alexander B. Siegel, of New York City, for appellant.

William C. Breed, of New York City (Sumner Ford, of New York City, on the brief), for respondent.

⊙⟼For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LAUGHLIN, J.   This is an action on an assigned claim to recover the balance of a depositor's account with the defendant.   The Metropolitan Steamship Company had a deposit account with the defendant, and was liable to it as guarantor of the payment of three notes for $100,000 each, made by George A. Fernald & Co., which the defendant discounted at the request and for the benefit of the guarantor.   On the 31st day of January, 1908, the bank applied the balance of the account to the credit of its depositor·on the indebtedness owing to it by the depositor as such guarantor.   Two of the notes were due and unpaid, and the depositor was evidently in failing circumstances at the time of this application of the balance of its account, for the fourth day thereafter receivers of it were appointed in the federal court.   The receivers subsequently assigned the claim for the balance of the account to a corporation organized to take over the business of the old company, and it in turn assigned the claim to the plaintiff.   The claim of the appellant is that the° action of the bank in appropriating the balance of the account of the depositor, owing to the form which it took, by which it is claimed it was applied *on the notes,* and in reduction of the indebtedness of *the maker,* was unauthorized, and that the right of the guarantor to subrogation was not preserved, and that therefore it was discharged and may recover the money.   The steamship company had two accounts with the defendant, one designated the Boston account, and the other the New York account.   It appears that the form which the application of the balance of the accounts of the depositor took was an entry in the general ledger loan account of the defendant, under date of January 31, 1908, against the New York account of the depositor, as follows:  "Hold apply on G. A. Fernald & Co. note, $9,322.69";  and against the Boston account, as follows:  "Hold apply on note $599.17."   These figures were the balance shown by the respective accounts at that time, but there had been erroneously credited to the New York account the sum of $1,727.14, which left the real balance of both accounts $8,194.72.   It appears by the testimony of the cashier of the defendant that two of the notes were long past due and unpaid at the time the defendant thus appropriated the balance of the depositor's accounts;  that said balance "was applied on these notes of George A. Fernald & Co.," by charging it to the account of the depositor and crediting it "to the account of George A. Fernald & Co. on the notes";  that after the appointment of the receivers for the depositor, the bank filed a claim with the master in chancery on or about· the 29th day of June, 1908, for the balance of the two notes which had matured, less the amount of said deposit, and that the claim was allowed by the consent of the receivers, but that no dividend had been received by the bank thereon;  that the notes were renewed in June, 1909, for the full amount, without deduction on account of the payment by the appropriation of the balance of the accounts, and were again renewed without deduction on account of such payment, and a third renewal was made on March 1, 1910, at which the amount of said payment was deducted;  that the only reason for its not having been deducted before was that the matter was overlooked, and that the bank still held the last renewal notes, and they have not been paid.   Al-

though this witness testified generally that the balance of the accounts was credited on the notes, he evidently referred to the credits on the account on the books of the bank, for the notes are in evidence and they show no credit indorsed thereon. At the close of the evidence, the court denied a motion by plaintiff's counsel for the direction of a verdict, and by counsel for defendant for the dismissal of the complaint; and then submitted to the jury the question as to whether the defendant in good faith made the application of the balance of the depositor's accounts on the notes on the 31st day of January, 1908. The purpose of that submission evidently was to have the jury decide whether the application was made at that time or later and after the insolvency of the depositor. The jury answered the question in the affirmative. Thereupon each party moved for the direction of a verdict, and the verdict was directed for the plaintiff, and the court reserved decision on a motion to set it aside, and subsequently granted the order from which the appeal is taken.

[1] The learned counsel for the appellant now concedes that the liability of the depositor to the bank had accrued when the balance of the accounts was thus appropriated, and that the bank had an absolute right to apply the balance of the accounts on such indebtedness of the depositor. His contention is, however, that the bank made an improper application of the balance by applying it *on the notes,* and that the effect thereof was to pay pro tanto the indebtedness of *the maker.* There was, in fact, no application of the money to the payment of the indebtedness of the maker of the notes. The application on the books of the defendant of the balance of the depositor's accounts to the note account of the maker was not effectual to discharge the liability of the maker. These were merely bookkeeping entries, in accounts to which neither the maker of the note nor the depositor was a party, and which were kept for the convenience of the defendant and to indicate that, so far as the bank's interest was concerned, the indebtedness to it had been reduced by that amount. The action of the bank was no obstacle to the right of the depositor to recover against its principal, which arises by virtue of the implied agreement of indemnity. Brand on Suretyship (3d Ed.) §§ 226–228. If the depositor desired to be subrogated to the rights of the bank as to the entire amount of the indebtedness, it might have been so subrogated by paying the bank in full, and it would then have received the notes with no indorsement even requiring explanation. The defendant did nothing to discharge the maker, either in whole or in part, or to impair the guarantor's claim against the maker. Assuming, in view of the special verdict of the jury and the testimony upon which it is based, that the bank intended to take renewal notes for an amount less than the original notes by the amount thus paid by the surety, that does not show a discharge of the indebtedness as against the maker. On that theory, the renewal notes are to be deemed to have been taken for the amount remaining due to the bank, but it was under no obligation to the guarantor, and had no authority from it to require renewal notes for the entire amount. It is the same as if the maker paid the balance due to the bank in its own right on the notes after the payment by the appro-

priation and application of the guarantor's balance of account. In that case the bank would have no further interest in the notes in·its own right, and would hold them as trustee for the guarantor, who would be entitled to possession thereof to enforce the rights to which it became subrogated when its funds were thus appropriated and applied. See M. S. Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557, 20 L. R. A. 335, 33 Am. St. Rep. 751.

[2] Payment of a note in whole or in part by one secondarily liable thereon does not discharge the obligation of the maker. Neg. Inst. Law, § 202; Twelfth Ward Bank v. Brooks, 63 App. Div. 220, 71 N. Y. Supp. 388.

[3] The bank could have sued the maker for the full amount, notwithstanding the payment by the guarantor and the recovery would have inured to the benefit of the guarantor to the extent of the pay-ment made by it (M. S. Bank v. Pierce, supra, and Twelfth Ward Bank v. Brooks, supra); but the bank had a right to give the maker further time with respect to the amount unpaid, in which it.alone was interested.

[4] A cause of action in favor of the guarantor on the implied agree-ment of the maker to indemnify it arose the moment its bank balance was thus appropriated by the defendant, unaffected by· the subsequent transactions between the defendant and the maker with respect to the renewal of the notes for the balance. See Brand on Suretyship, supra, and Dix v. Jaquay, 94 App. Div. 554–560, 88 N. Y. Supp. 228.

We are of opinion that the court should have directed a verdict for the defendant, but since it did not appeal, we cannot correct that error.

It follows that the order should be affirmed, with costs and disburse-ments.

Order filed. All concur.