[Civil No. 2271. Filed April 18, 1925.]

[235 Pac. 144.]

G. P. VAN MAREL, Appellant, v. H. G. and L. A. WATSON, Doing Business Under the Name and Style of WATSON BROTHERS, Appellees.

1. BILLS AND NOTES—PAYEE, SUING ON NOTE, REQUIRED ONLY TO ALLEGE ITS EXECUTION AND DELIVERY TO HIM.—Payee, suing on note, is required only to allege its execution and delivery to him, in view of presumption that payee of note in possession thereof is owner of note.

2. BILLS AND NOTES—PAYEE, SUING ON NOTE INDORSED BY HIM TO THIRD PARTY, NOT REQUIRED TO ALLEGE OWNERSHIP OR MANNER OF REINVESTITURE OF TITLE.—Payee, suing on note indorsed by him to third party, is not required to allege ownership or manner of reinvestiture of title, in view of presumption that note was either retransferred to him or that the transfer was not completed by delivery.

3. PRINCIPAL AND SURETY—PROMISE OR UNDERTAKING OF GUARANTOR AND OF SURETY DIFFERENTIATED.—A guarantor's promise or undertaking is one to pay the debt of another, while that of the surety is to pay a debt which becomes his upon the principal's failure to pay.

4. GUARANTY—GUARANTOR OF PAYMENT OF NOTE OF WHICH HE IS PAYEE IS SECONDARILY LIABLE ON SUCH NOTE.—Under Revised Statutes of 1913, paragraph 4336, guarantor of payment of note of which he is payee is secondarily liable on such note, since his responsibility to his guarantees or their assigns rests upon his guaranty, and not upon terms of note.

5. BILLS AND NOTES—PAYMENT BY PAYEE OF NOTE AS GUARANTOR THEREOF HELD NOT TO DISCHARGE NOTE.—Payment by payee of note as guarantor thereof *held* not to discharge note, in view of Revised Statutes of 1913, paragraph 4266; such contract of guaranty not constituting joint agreement of guarantor and maker to pay note.

6. EVIDENCE—EVIDENCE OF VALUE OF CAR, ALLEGED TO HAVE BEEN ACCEPTED IN FULL PAYMENT OF CONDITIONAL SALE NOTE, HELD PROPERLY EXCLUDED AS IMMATERIAL. — Evidence of value of car, alleged to have been accepted in full payment of conditional sale note, *held* properly excluded as immaterial.

7. SALES—DIRECTION OF VERDICT FOR PAYEE OF CONDITIONAL SALE NOTE HELD PROPER, ON DEFENDANT'S FAILURE TO SUSTAIN SOLE DEFENSE OF PAYMENT.—Direction of verdict for plaintiff, suing on conditional sale note, *held* proper, on defendant's failure to sustain sole defense of payment.

8. SALES—SELLER'S ASSIGNMENT OF BUYER'S NOTE AND CONDITIONAL SALES CONTRACT VESTED IN ASSIGNEE WHATEVER TITLE SELLER HAD.—Seller's assignment of buyer's note and conditional sale contract securing note vested in assignee whatever title seller had.

9. SALES—RESALE OF PROPERTY UNDER CONDITIONAL SALES CONTRACT PRESUMED TO BE ACCORDING TO CONTRACT, IN ABSENCE OF PLEAD-

3.   See 12 R. C. L. 1057.

9.   Provisions for resale in conditional sale contract, see note in 17 A. L. R. 1450.

INGS QUESTIONING VALIDITY OF SUCH SALE.—Resale of property under conditional sale contract, pursuant to Uniform Conditional Sales Act, will be presumed to be according to the contract, in the absence of pleadings questioning regularity or validity of such resale.

10. SALES—ASSIGNMENT BY SELLER AS PAYEE OF NOTE GUARANTEED BY HIM, TOGETHER WITH CONDITIONAL SALES CONTRACT SECURING NOTE, HELD NOT WAIVER OF TITLE TO GOODS SOLD.—Assignment by seller as payee of note guaranteed by him together with conditional sale contract securing note, *held* not waiver of title to goods sold, in view of Uniform Sales Act.

11. PLEADING—DEFENDANT'S FILING OF SECOND AMENDED ANSWER HELD WAIVER OF ERROR IN SUSTAINING DEMURRER TO FIRST AMENDED ANSWER.—Defendant's filing of second amended answer *held* waiver of error in sustaining demurrer to first amended answer.

See (1) 8 C. J., pp. 886, 1003. (2) 8 C. J., p. 895. (3) 28 C. J., p. 886; 32 Cyc., p. 15. (4) 28 C. J., pp. 887, 888. (5) 8 C. J., p. 587. (6) 8 C. J., p. 964 (1926 Anno.). (7) 35 Cyc., p. 706. (8) 35 Cyc., p. 695. (9) 35 Cyc., p. 706. (10) 35 Cyc., p. 695. (11) 31 Cyc., p. 745.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

STATEMENT OF FACTS.

This is an action to recover the sum of $918.27, the balance alleged to be due on a promissory note signed by G. P. Van Marel and made payable to Watson Brothers, at the office of the Western States Securities Company, Phoenix, Arizona. The note is dated November 12, 1920, is for the principal sum of $1,250.27, and payable in eight monthly installments, the first of which became due two months after date. Upon it are the following indorsements:

10. Transfer of purchase-money obligation as affecting reservation of title in a conditional sale contract, see note in 27 L. R. A. (N. S.) 71. See, also, 24 R. C. L. 478.

"For value received, we, and each of us, jointly and severally guarantee payment of the principal and interest of the within note, and of an extension thereof in whole or in part, waiving presentment, demand, notice, protest, or notice of protest.

"[Stamped]    WATSON BROS.
"[Signed]     L. A. WATSON.
"[Canceled revenue stamps—24c]

| Due. | Paid. | Prin. | Balance. |
|---|---|---|---|
|  | 4/11/21 | 50.00 |  |
|  | 5/10/21 | 50.00 | 1,150.27 |
| Proceeds | 9/20/21 | 222 | 918.27 |
| Sale." |  |  |  |

Upon demand of the Western States Securities Company, and after maturity, Watson Brothers paid that company the balance due on the note; whereupon it was redelivered to them, and they immediately brought this action, setting up the usual allegations in a suit on a promissory note.

The defendant demurred to this complaint and by way of answer alleged that he paid the obligation sued on in full on September 1, 1921. The court overruled this demurrer and thereafter sustained plaintiffs' demurrer to the answer, but granted defendant leave to amend. He did so, alleging that he had paid the obligation sued on in full by delivering to the plaintiffs in settlement of his obligation the property mentioned in their complaint and that it was at that time of the value of the amount sued for by them. A demurrer to this answer was also sustained; whereupon defendant filed a second amended answer, in which he alleged that a certain automobile sold to him by plaintiffs, and for which the note was given, was delivered to plaintiffs at their request, and that at the time of said delivery the automobile was equal to the amount asked for by plaintiffs, who accepted it in full payment of said note and in satisfaction of his obligation to them.

Plaintiffs offered the note in evidence, but it was rejected upon the ground that it had been transferred and delivered by plaintiffs to the Western States Securities Company and there was no allegation of ownership in the plaintiffs. By permission of the court the complaint was amended by inserting the clause "that plaintiffs are now the owners and holders of said note"; whereupon the note was admitted in evidence and the plaintiffs, after showing the amount due thereon, rested.

The defendant offered to show that the car was taken back in payment of the amount due and that it was at that time of the value of the amount sued for by plaintiffs, but the court refused to admit evidence as to the value of the car, upon the ground that it was immaterial; whereupon counsel for defendant stated that they could not prove an agreement between plaintiffs and defendant or anyone else to retake the car in payment of the balance due on the note. Thereupon the court granted plaintiffs' motion for a directed verdict, and, from the judgment entered thereon, as well as from the order denying his motion for a new trial, the defendant appeals.

Mr. Weldon J. Bailey and Mr. John W. Ray, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith and Mr. Scott L. Norviel, for Appellees.

McALISTER, C. J. (After Stating the Facts as Above.)—The first assignment is that the court erred in overruling the demurrer to the complaint. This contention is based on the fact that Watson Brothers, the payees in the note, assigned and transferred it to the Western States Securities Company and guaranteed its payment, and, when the amount due thereon was paid by them in compliance with their guaranty

and the note taken back, the company did not indorse or reassign it.

When suit is brought on a note by the payee thereof, however, it is not necessary that he allege he is its owner and holder, but it is sufficient if he plead "the execution and delivery of the note to plaintiff, . . . since it will be presumed that the payee of a note in possession thereof is the owner." 8 C. J. 886; *Dysert et al.* v. *Weaver et al.,* 46 Cal. App. 576, 189 Pac. 492. And, even though the payee had indorsed the note to a third party, it is not required that he allege ownership or the manner in which he became reinvested with title, since the presumption is that the note has been retransferred to him, or that the transfer by him was not completed by delivery. 8 C. J., p. 895, par. 1176; Id., p. 372, par. 554; Id., p. 587, par. 822; *Pinney* v. *McGregory,* 102 Mass. 186; *Dugan* v. *United States,* 3 Wheat. 172, 4 L. Ed. 362; *Holbrook* v. *Usher et ux.,* 39 Minn. 122, 39 N. W. 74, 140; *Todman* v. *Purdy,* 5 Nev. 238; *Lonsdale* v. *Brown,* 15 Fed. Cas. 851, No. 8492, 3 Wash. C. C. 404. In *Anniston Pipe-Works* v. *Mary Pratt Furnace Co.,* 94 Ala. 606, 10 South. 259, the court said:

"If the paper, though indorsed and transferred, gets back into the hands of the payee, the presumption is that he has paid the sum evidenced by it to the indorsee, and thus become *prima facie* again the legal owner. *Dugan* v. *United States,* 3 Wheat. 172 (4 L. Ed. 362); *Herndon* v. *Taylor,* 6 Ala. 461; *Oil Co.* v. *Perry,* 85 Ala. 158, 4 South. 635. And upon such title he may maintain an action on the note against the maker. *Pinney* v. *McGregory,* 102 Mass. 186; *Oil Co.* v. *Perry, supra.* It results necessarily from these principles that, where the note is in the possession of the payee, the law converts that possession into a *prima facie* legal title, upon which suit may be prosecuted wholly regardless of the condition of the paper as to indorsements, and puts

the onus of showing the absence of the title on the defendant.''

There was therefore no error in overruling defendant's demurrer, and the same reasoning disposes of the third assignment, which is based upon the order permitting plaintiffs to amend their complaint during the trial by inserting the allegation that they were the owners and holders of the note. If such an amendment had been necessary, it is difficult to see wherein it could have prejudiced the defendant in the presentation of his defense. Appellant, however, while assigning this order as error, contends that the amendment was without effect because the proof shows that the note was paid by the plaintiffs to the Western States Securities Company, its owner and holder, and that the effect of such payment was to discharge the note. He admits that the guarantors became the owners and entitled to the possession of the paper evidencing their obligation when they paid it, and that a right of action of some kind against the maker of the paper guaranteed inured thereby to them, but claims that the payment itself did not, under the conditions, constitute them the owners of the indebtedness evidenced by the note. Such a contract of guaranty, it is true, is separate and distinct from that of the instrument upon which it is written, and is in the nature of a warranty that the thing guaranteed to be done by the principal will be done, but in no sense does it constitute a joint agreement by him and the principal to do it. The promise or undertaking of a guarantor differs from that of a surety, in that it is always to pay the debt of another, while that of the surety is to pay a debt which becomes his upon the principal's failure to pay. His responsibility to his guarantees, or their assigns, rests upon his guaranty, and not upon the terms of the note itself; hence he is only secondarily liable

upon the latter (paragraph 4336, Rev. Stats. 1913; *Northern State Bank of Grand Forks* v. *Bellamy,* 19 N. D. 509, 31 L. R. A. (N. S.) 149, 125 N. W. 888; *Farmers' & Drovers' Bank* v. *Bashor,* 98 Kan. 729, 160 Pac. 208; *Assets Realization Co.* v. *Mercantile Nat. Bank,* 167 App. Div. 757, 153 N. Y. Supp. 156), and the Negotiable Instruments Law of this state (paragraph 4266, Rev. Stats. 1913) provides that payment of a note by one sustaining this relation to it does not discharge it. See 8 C. J. 585, par. 819c.

Granting appellees' motion for a directed verdict at the close of the testimony is assigned as error. The note was given in payment of an automobile and the evidence discloses that, when it was assigned to the Western States Securities Company, the security for it—a conditional sales contract—was also assigned, and that, under the terms of the latter, the assignee took possession of the car, sold it, and applied the proceeds of the sale, $222, on the note. The defense was payment, the allegation being that appellant paid it by returning to the plaintiffs the car, which was equal in value to the amount prayed for by plaintiffs, and that they accepted it in full payment of the note; but there was no proof of this allegation. Appellant offered to show that the value of the car was much greater than $222, but this was rejected upon the ground that its value was immaterial, in view of the allegation that the car had been accepted in payment; the court very properly stating that, under such a defense, "it makes no difference whether the car was worth $5 or $5,000." It was then admitted by appellant in open court that he could not "prove an agreement to receive this car in payment" of the note. Following this admission, the court directed a verdict for appellees, and we are unable to see how it could have done

otherwise, since the only defense alleged was payment. This left nothing to submit to the jury.

Appellant contends, however, that by the sale and transfer of the note, coupled with the absolute guaranty of payment, the payees, as well as their assignee, waived the provision in the contract reserving title to the automobile in the sellers until the purchase price was paid, and that the latter are in consequence thereof estopped from asserting ownership in themselves. By such acts, it is claimed, they elected to vest title to the car in the maker of the note, Van Marel. The evidence, however, discloses that the note and its security, which was the conditional sales contract, were transferred to the Western States Securities Company at the same time; hence whatever title the sellers retained became thereby as much the property of the assignee as did the note.

The fact that the transferee took an assignment of the contract also indicates that it did not rely solely upon the special guaranty of payment, and there is no rule or principle of law of which we are aware prohibiting the sale and transfer of such a title. Under the Uniform Conditional Sales Act, c. 40 (Session Laws of 1919), the seller, or his "legal successor in interest," may recover a deficiency judgment from the buyer, if the proceeds of the resale of the property are insufficient to pay the balance due upon the purchase price and to defray the expenses of retaking, keeping, storing and selling the goods. The property, it is true, must have been resold as provided by this act and in accordance with the terms of the contract, and, if the regularity or validity of such sale is not questioned in the pleadings, the presumption is that it was so conducted. The principle that the seller must either disaffirm the sale and retake the property upon failure of the

conditions or affirm the sale and rely upon the unpaid purchase price as an absolute debt has no application under this act; hence it is not apparent how the special guaranty of payment can be construed as an election to vest ownership of the car in the maker of the note.

While it may be true, as said in a case cited by appellant (*Keck et al.* v. *State ex rel. National Cash-Register Co.*, 12 Ind. App. 119, 39 N. E. 899), that the rule is well settled that the taking of a note payable in a bank operates *prima facie* as a payment of the debt and that the burden is on the creditor to show that it was not so received, yet the further holding is likewise true that such presumption is overcome by evidence that it was not so received, and a showing that by agreement between the seller and the purchaser, title was reserved in the former, and that it was later sold and transferred along with the note, meets this burden. If Watson Brothers had not assigned the conditional sales contract when they transferred the note, the other case cited by appellant (*Winton Motor Carriage Co.* v. *Broadway Automobile Co.*, 65 Wash. 650, 37 L. R. A. (N. S.) 71, 118 Pac. 817), would be in point. There a note given by the purchaser to the seller as evidence of an unpaid balance due under a conditional sales contract was pledged to a bank as collateral security for another indebtedness, and in making the pledge there was no mention of the conditional sales contract. The court held that, inasmuch as this placed the maker of the note where he would be compelled to pay the bank as the holder, regardless of any condition in the contract, the seller, the pledgor, thereby waived the conditions of the contract reserving title in himself and vested it in the purchaser, thus rendering the liability of the latter absolute.

One of the assignments is based on the order sustaining plaintiffs' demurrer to the first amended answer. Whatever error there may have been in such action was waived by the defendant in the filing of his second amended answer. *Brittan* v. *Oakland Bank of Savings,* 112 Cal. 1, 44 Pac. 339; 21 R. C. L. 621; 31 Cyc. 744.

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.